## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

CASE NO.:

DECEIDE GUSTAVE, TERENCIUS
DELPHIN, CARMEN DUFFOO,
TERESA ECHEVARRIA, EDUARDO
FLORES, YVON HILAIRE,
MIGUELINA JIMENEZ, SOFIA LEON,
MOISES MADRIZ, JOSPEPH METELLUS,
LARRY NELSON, CELAMENE PIERRE,
EDMOND RAYMOND, CAMEREZE
SAINT FORT, JOSE SALAZAR,
JOHN DOE, AS AND IN THE CAPACITY
OF THE TO BE NAMED AND/OR
UNNAMED PERSONAL
REPRESENTATIVE OF THE
ESTATE OF JOSE SANCHEZ, RODNEY
THEOC, LUCIENNE VICTOR, and
SANDERS VILLIER,

      Plaintiffs,

v.

SBE ENT HOLDINGS, LLC, a Foreign
Limited Liability Company doing business
as sbe, BEACH HOTEL ASSOCIATES,
LLC, a Foreign Limited Liability Company,
doing business as DELANO HOTEL
SOUTH BEACH, MORGANS HOTEL
GROUP MANAGEMENT, LLC,
a Foreign Limited Liability Company,
formerly doing business as DELANO
HOTEL, and JOHN DOE ENTITY
Formerly known as Morgans Hotel Group,

      Defendants.

_____/

## **COMPLAINT**

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

Plaintiffs, DECEIDE GUSTAVE, TERENCIUS DELPHIN, CARMEN DUFFOO, TERESA ECHEVARRIA, EDUARDO FLORES, YVON HILAIRE, MIGUELINA JIMENEZ, SOFIA LEON, MOISES MADRIZ, JOSPEPH METELLUS, LARRY NELSON, CELAMENE PIERRE, EDMOND RAYMOND, CAMEREZE SAINT FORT, JOSE SALAZAR, JOHN DOE, AS AND IN THE CAPACITY OF THE TO BE NAMED AND/OR UNNAMED PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSE SANCHEZ, RODNEY THEOC, LUCIENNE VICTOR, AND SANDERS VILLIER (collectively, "Plaintiffs"), sue Defendants, SBE ENT HOLDINGS, LLC, a Foreign Limited Liability Company, doing business as "sbe", BEACH HOTEL ASSOCIATES, LLC, a Foreign Limited Liability Company, doing business as DELANO HOTEL SOUTH BEACH (hereinafter referred to as "BEACH HOTEL"), MORGANS HOTEL GROUP MANAGEMENT, LLC, a Foreign Limited Liability Company, doing business as DELANO HOTEL (hereinafter referred to as "MHGM"), and JOHN DOE ENTITY, formerly known as Morgans Hotel Group, (collectively referred to as "Defendants" or "sbe"), and allege as follows:

## PARTIES, JURISDICTION & VENUE

1.      Plaintiff, DECEIDE GUSTAVE, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

2.      Plaintiff, TERENCIUS DELPHIN, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

3.      Plaintiff, CARMEN DUFFOO, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

4.      Plaintiff, TERESA ECHEVARRIA, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

00038039.DOCX. 4                         P a g e | **2**
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

5.      Plaintiff, EDUARDO FLORES, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

6.      Plaintiff, YVON HILAIRE, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

7.      Plaintiff, MIGUELINA JIMENEZ, is *sui juris* and was a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court at all material times relevant to this action.   Plaintiff, MIGUELINA JIMENEZ, now resides in Kissimmee, Florida.

8.      Plaintiff, SOFIA LEON, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

9.      Plaintiff, MOISES MADRIZ, is *sui juris* and a resident of the Southern District of Florida for the United States District Court.

10.      Plaintiff, JOSPEPH METELLUS, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

11.      Plaintiff, LARRY NELSON, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

12.      Plaintiff, CELAMENE PIERRE, is *sui juris* and a resident of the Southern District of Florida for the United States District Court.

13.      Plaintiff, EDMOND RAYMOND, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

14.      Plaintiff, CAMEREZE SAINT FORT, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.  Plaintiff, CAMEREZE SAINT FORT, has also been known as CAMEREZE JOSEPH.

15.     Plaintiff, JOSE SALAZAR, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

16.     Plaintiff, JOHN DOE, AS AND IN THE CAPACITY OF THE TO BE NAMED AND/OR UNNAMED PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSE SANCHEZ, for claims relating to JOSE SANCHEZ.  At all times material hereto, JOSE SANCHEZ was a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.  JOSE SANCHEZ is now deceased.

17.     Plaintiff, RODNEY THEOC, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

18.     Plaintiff, LUCIENNE VICTOR, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

19.     Plaintiff, SANDERS VILLIER, is *sui juris* and a resident of Miami-Dade County, Florida, and the Southern District of Florida for the United States District Court.

20.     Defendant, SBE ENT HOLDINGS, LLC, is a limited liability company, incorporated in the state of Delaware, and at all material times relevant to this action has been authorized to do business in the State of Florida.

21.     Defendant, BEACH HOTEL, is a limited liability company, incorporated in the state of Delaware, and at all material times relevant to this action has been authorized to do business and has been conducting business in the State of Florida, including the ownership, operation and/or management of the DELANO HOTEL SOUTH BEACH located at 1685 Collins Avenue, Miami Beach, Florida 33139.

22.     Defendant, MHGM, is a limited liability company, incorporated in the state of Delaware, and at all material times relevant to this action has been authorized to do business and

00038039.DOCX. 4                    P a g e | **4**
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

has been conducting business in the State of Florida, including the operation and/or management of the DELANO HOTEL located at 1685 Collins Avenue, Miami Beach, Florida 33139.

23.     Sometime in 2016, Defendant, JOHN DOE ENTITY, formerly known as Morgans Hotel Group, through acquisition or merger, became an owner of the DELANO HOTEL SOUTH BEACH located at 1685 Collins Avenue, Miami Beach, Florida 33139.

24.      Hereinafter, the hotel located and operating at 1685 Collins Avenue, Miami Beach, Florida 33139 will be referred to as the "DELANO" regardless of the Defendant (or predecessor entity) that owned or operated such hotel.

25.     MHGM is the owner of the fictitious name DELANO, which is the hotel where Plaintiffs worked.

26.     At all relevant times, Defendants, as affiliated entities, continuously conducted business in Miami-Dade County, Florida, and the Southern District of Florida, in relation to the ownership and/or operation of the DELANO.

27.     At all relevant times, the DELANO has continuously employed at least fifty (50) employees at the DELANO.

28.     Plaintiffs are all former employees of the DELANO.

29.     Defendants operate as an integrated enterprise or single employer by virtue of their common management, the interrelations of their operations, the interrelations of their finances, the centralized control over their labor relations, and their common ownership.

30.     Defendants are highly integrated entities with respect to finance, ownership and operations.

31.     Defendants controlled the fundamental aspects of Plaintiffs' employment giving rise to the claims stated herein.

32.     Defendants retained the power to hire, fire, or modify the terms and conditions of Plaintiffs' employment with Defendants.

33.     At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

34.     At all times material to this action, Defendants were Plaintiffs' employer as defined by applicable law.

35.     This action is authorized and within the jurisdiction of this court, exclusive of interest, costs, and attorneys' fees.

36.     Venue is proper in Miami-Dade County, Florida, and the Southern District of Florida, because all events related to Plaintiffs' causes of action occurred exclusively within said county and district.

37.     All conditions precedent to the bringing and maintenance of this action have been performed, satisfied, or excused.

38.     Plaintiffs have retained the undersigned law firm and is obligated to pay said firm a fee.

## GENERAL ALLEGATIONS

A.     **"sbe"'s Acquisition of the DELANO.**

39.     Plaintiffs are all former employees of the DELANO, most of whom were long-time employees.

40.     Prior to 2016, the DELANO was owned and/or operated by Defendant, MHGM. Defendant, MHGM, and/or other  entities affiliated within the Morgans Hotel Group organization owned approximately thirteen (13) boutique hotels.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

41.     "sbe" operates through a machinated corporate structure unknown to Plaintiffs and only known to Defendants.  "sbe" appears to be mainly a branding term used to market the assets within the "sbe" portfolio.  The brand "sbe" includes numerous hotels, restaurants and nightclubs located nationally and internationally.

42.     In or about May of 2016, it was widely reported that "sbe" acquired Morgans Hotel Group and its portfolio of hotels, including the DELANO, for 805 million dollars in an all-cash transaction.

43.     Prior to such transaction "sbe" primarily operated hotels under the "SLS" brand, including the SLS Hotel South Beach and SLS Brickell.

44.     Although Plaintiffs are aware that an "sbe" entity acquired the DELANO, the details and nature of such transaction are not known to Plaintiffs, as such information is in the exclusive possession, custody and control of Defendants.

45.     Sam Nazarian is the Chief Executive Officer and the primary beneficial owner of the "sbe" global operation, and he has publicly stated that he is building a global empire by aggressively expanding his portfolio of luxury brands, such as the DELANO.

46.     "sbe" publicly describes its Mission Statement as:

A global tribe of individuals, partners and progressives, devoted to creating extraordinary experiences for our community throughout our proprietary brands – we are sbe. Visionaries at the forefront of hospitality, cuisine, design, residences and entertainment, our lifestyle moments are forged with highly-curated and passionate service.  We are committed to authenticity, sophistication, mastery and innovation.  OUR STAGE IS THE WORLD. OUR TIME IS NOW.[1]

47.     The proprietary brands mentioned in the "sbe" Mission Statement include hotels such as the DELANO and SLS.

---

[1] www.sbe.com/aboutsbe/

48.     Upon information and belief, the DELANO is now owned, in whole or part, by Defendants, BEACH HOTEL, JOHN DOE ENTITY and/or SBE ENT HOLDINGS, LLC, which are "sbe" affiliated entities within the "sbe" machinated corporate structure.

**B.      "sbe"'s Fresh, New Vision for the DELANO and Implementation Thereof.**

49.     As the new owner of the DELANO, "sbe" established a fresh, new vision for the DELANO, and such vision included a younger workforce for the DELANO.

50.     According to Plaintiffs' pay records, it appears that Defendant, MHGM continued to employ Plaintiffs even after an "sbe" entity owned the DELANO.  Although MHGM is actively registered as an existing Delaware entity and registered with the Florida Department of State, it is unclear whether this entity legally survived the 2016 transaction between "sbe" and the "Morgans Hotel Group."  This information is not known to Plaintiffs, but such information is in the exclusive possession, custody and control of Defendants.

51.     Notwithstanding that MHGM remained Plaintiffs' documented employer, upon information and belief, an "sbe" entity took over the management and operation of the DELANO in or about November of 2016.

52.     Once "sbe" acquired the DELANO and undertook the operation and management of the DELANO, it transferred personnel from the SLS Hotel South Beach and other "sbe" properties to the DELANO, including Jose Icardi, to implement the fresh, new vision for the DELANO.  Once this change of personnel occurred, the treatment of the existing employees at the DELANO dramatically changed.

53.     For example, "sbe" decided that it wanted to open a new Argentinian restaurant - Leynia - at the DELANO.  "sbe" transferred Jose Icardi from the SLS Hotel South Beach to be the head chef for Leynia.  Jose Icardi decided that the customer experience at Leynia should be

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

authenticate "Argentinian" – consistent with the "sbe" Mission Statement.  In executing such authentic Argentinian experience, Jose Icardi preferred to employ only Argentinian employees at Leynia.

54.     Jose Icardi announced to the long-time, existing and experienced employees at the DELANO that he could fire everyone and hire an outside agency to replace all of the existing employees.  At times, "sbe" would bring in temporary workers from either other SLS hotels or an outside agency to perform work that could have been performed by existing DELANO employees.

55.     Jose Icardi implemented a management style of fear and harassment of the DELANO's long-time employees.  In order to effectuate its new vision for the DELANO, "sbe" either terminated or began to harass and make excessive demands on those employees who did not "fit" within the new vision in an effort to force such employees to quit.

C.     **Plaintiffs Did Not Fit with "sbe"'s Fresh, New Vision for the DELANO.**

56.     Starting in approximately December of 2016, and continuing for several months, PLAINTIFFS were terminated or constructively discharged, because they did not conform with the new vision for the property or because they complained about the conduct of the new "sbe" management's treatment of DELANO employees.

57.     The first wave of known discriminatory terminations occurred between the months of December 2016 and February 2017.  "sbe" primarily terminated or constructively discharged Black and/or employees of Haitian decent.  In this time period, at least eleven (11) Black and/or employees of Haitian decent were terminated or constructively discharged.  Ten (10) of those eleven (11) terminated employees were over the age of 40.  Such terminations had a disparate impact on Black employees, employees of Haitian decent and employees over the age of 40.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

58.     The second wave of known discriminatory terminations occurred between the months of March 2017 and July 2017.  In this time frame, "sbe" primarily terminated employees over the age of forty, including at least six (6) employees.

59.     All terminations by "sbe" referenced herein had a disparate impact on employees over the age of 40 years old.

60.      "sbe" often used infractions committed prior to its ownership of the DELANO as a pretexual basis to get rid of older employees or employees of the certain color or national origin that did not fit within the "sbe" new vision for the DELANO.

61.     If an employee was older or the wrong national origin, "sbe" preferred to get rid of them in to order to hire younger employers or those with a national origin consistent with the new vision for the DELANO.

**D.     "sbe"'s Human Resources Department Failed in Their Duties.**

62.     Prior to its acquisition of the DELANO, "sbe" had an incompetent and ineffective human resources department monitoring the implementation and enforcement of Equal Employment Opportunity ("EEO") laws within the national "sbe" organization.  The "sbe" human resources department failed to adequately monitor, train or manage "sbe" management to ensure compliance with EEO laws, notwithstanding the existence of any written policies *purportedly* in effect at "sbe" properties and SLS hotels.

63.     Given that such SLS personnel had no legitimate training on EEO laws when working at SLS properties, they wholesale failed and or refused to follow EEO laws when implementing the new "vision" for the DELANO.  The DELANO's on-site human resources department was unable or unwilling to exercise any control over such "sbe" personnel.

00038039.DOCX. 4                                      P a g e | **10**
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

64.     Once the new "sbe" management took over the management and operation at the DELANO and began wrongfully mistreating and terminating long-time DELANO employees, some of the PLAINTIFFS immediately complained to the DELANO's on-site human resources department ("HR") on multiple occasions.

65.     HR personnel conceded that there was nothing they could do about such complaints, as HR was prohibited from independently investigating any complaints against the new management/ownership.  HR personnel told employees, including some PLAINITFFS, that the new "sbe" management were now in charge, so anyone who did not like what was happening should just leave the DELANO.  HR personnel reported any new complaint directly to the new "sbe" personnel, who would "handle" such complaint.  However, such "handling" typically included retaliating against the complaining employee.  HR manager – Hope Bethune - admitted that she was concerned about being terminated by "sbe" if she investigated such complaints.

66.     Once "sbe" took over the management of the DELANO, any existing written policies and employee handbook became meaningless and hollow.

67.     It was obvious and apparent to Plaintiffs and other non-plaintiff employees that the DELANO's HR personnel no longer had authority or control over the employment decisions at the DELANO, because such decisions were now under the control of the new "sbe" management. Thus, any complaint to HR would be futile and DELANO employees stopped complaining due to fear of retaliation.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

E.     **Facts Pertaining to Each Individual, Former Employee.**

**DECEIDE GUSTAVE**

68.     Plaintiff, DECEIDE GUSTAVE, is a Black person of Haitian descent.  He started working at the DELANO on or about August 23, 2004.  He worked at the DELANO for approximately thirteen (13) years.

69.     On or about February 25, 2017, DECEIDE GUSTAVE, for no legitimate reason, was forced to carry heavy items up the stairs and prohibited from using the elevator because the elevator was seen by guests in the dining room.  However, non-black and Hispanic employees were permitted to use the elevator.  DECEIDE GUSTAVE complained to his supervisor about not being able to use the elevator when he needed to carry heavy items.

70.     DECEIDE GUSTAVE was not scheduled to work on February 26, 2017, but when he returned to work on or about February 27, 2017, he was terminated from his position as a dishwasher at the DELANO.

71.     On the date he was terminated, DECEIDE GUSTAVE was 63 years old.

**TERENCIUS DELPHIN**

72.     Plaintiff, TERENCIUS DELPHIN, is a Black person of Haitian descent.

73.     TERENCIUS DELPHIN started working at the DELANO on or about June 30, 1995.  He worked at the DELANO for approximately twenty-two (22) years.  He was terminated from his position as a line cook at the DELANO on or about January 21, 2017, for no legitimate reason.

74.     On the date he was terminated, TERENCIUS DELPHIN was 71 years old.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

## CARMEN DUFFOO

75.    Plaintiff, CARMEN DUFFOO, started working at the DELANO on or about August 28, 1995.  She worked at the DELANO for approximately twenty-two (22) years.  She was a prep cook in the main kitchen of the DELANO.  She is not Argentinian.

76.    CARMEN DUFFOO was previously told by Chef Matthew that she made too much money.  Once "sbe" took over, CARMEN DUFFOO was again told by Jose Icardi that she made too much money.

77.    Once "sbe" personnel began to harass her and her co-workers, this caused CARMEN DUFFOO enormous stress.  Watching her co-workers get terminated for no legitimate reason exacerbated the stress.

78.    CARMEN DUFFOO personally complained about the situation to HR personnel, who in turn advised Chef Matthew of such complaint.  Chef Matthew got upset with CARMEN DUFFOO for making the complaint, so she never complained again.

79.    In or about March of 2017, CARMEN DUFFOO needed eye surgery.  Initially, she was discouraged from taking time off for this eye surgery, even though the failure to have the eye surgery created an unsafe working condition for her.  Ultimately, she was granted leave for such surgery.

80.    Following the surgery, CARMEN DUFFOO was scheduled to return to work on April 26, 2017.  Before returning to work, CARMEN DUFFOO was told that she would be re-assigned to work in the kitchen by the pool, which was a lower status position and demotion.  Plus, the kitchen by the pool did not have air conditioning which would have exacerbated her eye condition.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

81.     Even though the human resources department said that she would be in the "same" position upon her return to work, she was told by the chef that she would be assigned to the pool kitchen if she returned.

82.     She was constructively discharged from her position as a prep cook at the DELANO on or about April 26, 2017.

83.     On the date she was terminated, CARMEN DUFFOO was 62 years old.

## TERESA ESCHEVERIA

84.     Plaintiff, TERESA ESCHEVERIA, started working at the DELANO in or about October, 2003.  She worked at the DELANO for approximately fourteen (14) years.  She was a line cook at the DELANO.  She is not Argentinian.

85.     Once "sbe" took over the DELANO, she was harassed by the chefs.  The chefs would scream at her and speak to her in a derogatory manner.  Her hours were reduced because the chefs would bring in younger, temporary workers to perform her job duties and send her home early.  The chefs would not scream at the younger, temporary workers.

86.     She attempted to speak with HR regarding her complaints on numerous occasions. The HR office was often empty or she was told that HR was too busy to hear her complaints. Ultimately, she spoke to someone in HR, who suggested that she "confide in God" to seek change.

87.     After months of the intolerable, harassing conduct by the chefs and a reduction of hours, she was forced to quit and/ or constructively discharged from her position as a line cook at the DELANO.

88.     On the date she was constructively discharged, TERESA ESCHEVERIA was 56 years old.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

## EDUARDO FLORES

89.     Plaintiff, EDUARDO FLORES started working at the DELANO on or about November 13, 2007.  He worked at the DELANO for approximately ten (10) years.  He worked as a line cook at the DELANO.  He is not Argentinian.

90.     Once "sbe" took over the DELANO, EDUARDO FLORES was instructed to wear certain gloves.  However, he could not wear such gloves because he has a skin condition, and he brought a doctor's note to his supervisor.  The supervisor ignored the doctor's note and instead terminated him in or about March of 2017, for no legitimate reason.

91.     On the date he was terminated, EDUARDO FLORES was 60 years old.

## YVON HILAIRE

92.     Plaintiff, YVON HILAIRE, is a Black person of Haitian descent.  He started working at the DELANO in or about November 23, 2012.  He worked at the DELANO for approximately five (5) years.

93.     On or about February 14, 2017, YVON HILAIRE helped train three (3) new bussers, who were younger and Hispanic.  Later that day, he was terminated from his position as a busser at the DELANO for no legitimate reason.  He was told that the new company decided to fire many existing employees.  He was escorted off the DELANO property by security as if he had done something criminal.

94.     He was replaced by younger, non-Haitian and non-black workers.

95.     On the date he was terminated, YVON HILAIRE was 45 years old.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

## MIGUELINA JIMENEZ

96.     Plaintiff, MIGUELINA JIMENEZ, started working at the DELANO in or about January, 2004.  She worked at the DELANO for approximately thirteen (13) years.   She is not Argentinian.

97.     Once "sbe" took over the DELANO, she was harassed by the chefs.  The chefs would scream at her and speak to her in a derogatory manner.  She was a pastry chef but forced to perform work outside of her job responsibilities.

98.     Once "sbe" took over the DELANO, she was forced to sign papers that she did not understand, as she does not read English.  She did not know what she was signing and such documents were not translated for her.  She signed the documents because her supervisor told her to do so.

99.     After months of the intolerable, harassing conduct by the chefs, she was terminated at the DELANO on or about March 24, 2017, for no legitimate reason.

100.    On the date she was terminated, MIGUELINA JIMENEZ was 52 years old.

## SOFIA LEON

101.    Plaintiff, SOFIA LEON, is a Black person of Cuban decent.  She started working at the DELANO on or about March 31, 2005.  She worked at the DELANO for approximately twelve (12) years.

102.    Once "sbe" took over the DELANO, she was harassed by the chefs.  The chefs spoke to her in a derogatory manner and harassed her if she needed a day off to go to the doctor. She was written-up for going to the doctor, even though a younger, non-Black employee of Argentinian decent was not written-up for the same thing.  Later, when she had to have a dental procedure, the chefs again harassed her about missing work.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

103.     SOFIA LEON wrote a letter to HR complaining of the discrimination.  She later met with Hope Bethune in the HR department to discuss her complaint of discrimination.  Ms. Bethune closed the door to her office and whispered that there was nothing she could do about the discrimination by the new management, but that the letter would be kept in Ms. Leon's file in case Ms. Leon ultimately sought legal action.

104.     After months of the intolerable, harassing conduct by the chefs, witnessing such conduct against other employees and the wholesale failure of HR to address such discriminatory conduct, SOFIA LEON was forced to quit and/ or constructively discharged from her position as a prep cook at the DELANO.

105.     On the date she was constructively discharged, SOFIA LEON was 54 years old.

## MOISES MADRIZ

106.     Plaintiff, MOISES MADRIZ, started working at the DELANO on or about July 5, 1997.  He worked at the DELANO for approximately twenty (20) years.  He worked as a Maintenance Technician at the DELANO.

107.     On or about June 30, 2017, MOISES MADRIZ was terminated for no legitimate reason.  HR told MADRIZ that the new management wanted to get rid of him so she needed to find a way to do so.

108.     On the date he was terminated, MOISES MADRIZ was 55 years old.

## JOSEPH METELLUS

109.     Plaintiff, JOSEPH METELLUS, is a Black person of Haitian decent.  He started working at the DELANO in or about 1997.  He worked at the DELANO for approximately twenty (20) years.

110.     Once "sbe" took over the DELANO, he was harassed by the chefs.  One of the chefs – Matthew - would repeatedly show up drunk to work.  Matthew yelled at JOSEPH

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

METELLUS, including yelling "Don't fucking talk to me" and "Get the fuck out of my kitchen." Another chef – Jason – once threw a sauté pan at JOSEPH METELLUS, based upon Matthew's instruction to do so.

111.    JOSEPH METELLUS attempted to complain about the situation to HR but HR refused to hear JOSEPH METELLUS' complaint because the chefs had already described what happened.  Based upon the chef's description of the incident, HR determined that JOSEPH METELLUS was insubordinate and apparently deserved this type of harassment.

112.    On or about December 1, 2017, JOSEPH METELLUS was terminated for no legitimate reason.

113.    On the date he was terminated, JOSEPH METELLUS was 62 years old.

## LARRY NELSON

114.    Plaintiff, LARRY NELSON, is a white-male, and he is not Argentinian.

115.    LARRY NELSON initially started working at the DELANO in or about 1995. Although he worked at other hotels since 1995, LARRY NELSON worked at the DELANO and other hotels owned by the Morgans Hotel Group for approximately twenty (20) years.

116.    When "sbe" took over the DELANO, LARRY NELSON was the Food and Beverage Manager.  He was responsible for supervision of staff in the new Argentinian restaurant – Leynia.

117.    On or about February 14, 2017, employees under LARRY NELSON's supervision were abruptly terminated for no legitimate reason, including Plaintiffs, EDMOND RAYMOND and YVON HILAIRE.  NELSON was not consulted regarding such termination decisions and indeed was concerned about such abrupt decisions because the restaurants were at risk of being inadequately staffed when such employees were terminated.  NELSON asked Hope Bethune – the

HR Manager - why he was not involved in such decisions, and she told NELSON there was a "list" of employees to be terminated as directed by the new "sbe" management.  NELSON asked Hope Bethune if he was on this list, but she advised that she could not give NELSON any additional information.

118.    A few days later, LARRY NELSON was told by his supervisor – the Regional Food and Beverage Director - that NELSON was targeted by the new ownership for termination because NELSON did not fit with the new ownership's "vision" for the DELANO.  The Regional Food and Beverage Director disagreed with the new ownership's decision to terminate NELSON and tried to save NELSON's job.

119.    LARRY NELSON was ultimately terminated on or about April 1, 2017, for no legitimate reason.  When he was terminated, Ms. Bethune apologized to NELSON for not being able to tell him sooner and expressed disappointment in the new ownership's decision to terminate NELSON.

120.    On the date he was terminated, LARRY NELSON was 55 years old.

### **CELAMENE PIERRE**

121.    Plaintiff, CELAMENE PIERRE, is a Black person of Haitian decent.  She started working at the DELANO in or about 2005.  She worked at the DELANO for approximately twelve (12) years.

122.    Once "sbe" took over the DELANO, she was harassed by the chefs and treated inhumanely.  The chefs yelled at her and spoke to her in a derogatory manner.

123.    CELAMENE PIERRE was terminated by Chef Matthew in or about January of 2017, for no legitimate reason.  Chef Matthew told CELAMENE PIERRE to leave the DELANO and not return.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

124.     On the date she was terminated, CELAMENE PIERRE was 56 years old.

## EDMOND RAYMOND

125.     Plaintiff, EDMOND RAYMOND, is a Black person of Haitian descent.  He started working at the DELANO on or about October 15, 2012.  He worked at the DELANO for approximately five (5) years.

126.     On or about February 14, 2017, EDMOND RAYMOND helped train new bussers, who were younger and Hispanic.  Later that same day, he was terminated from his position as a busser at the DELANO.  Hope Bethune – HR Manger at the DELANO - told him that the new company decided to fire many existing employees.  She apologized to him and told him that it was not her decision.

127.     EDMOND RAYMOND was escorted off the DELANO property by security as if he had done something criminal.

128.     He was replaced by younger, non-Haitian and non-black workers.

129.     On the date he was terminated, EDMOND RAYMOND was 66 years old.

## CAMEREZE SAINT FORT

130.     Plaintiff, CAMEREZE SAINT FORT, is a Black person of Haitian decent.  She started working at the DELANO on or about February 15, 2015.  She worked at the DELANO for approximately two (2) years.  She worked as kitchen prep at the DELANO.

131.     Once "sbe" took over the DELANO, she was harassed by the chefs and treated inhumanely.  The chefs spoke to her in a disrespectful and rude manner.

132.     CAMEREZE SAINT FORT was constructively discharged on or about December 18, 2016.

00038039.DOCX.4                          P a g e | **20**
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

133.    On the date she was constructively discharged, CAMEREZE SAINT FORT was 49 years old.

### JOSE SALAZAR

134.    Plaintiff, JOSE SALAZAR, started working at the DELANO on or about May 18, 2009.  He worked at the DELANO for approximately eight (8) years.  He worked as a server in the room service department at the DELANO.

135.    On or about July 5, 2017, JOSE SALAZAR was terminated for no legitimate reason.

136.    On the date he was terminated, JOSE SALAZAR was 47 years old.

### JOSE SANCHEZ

137.    JOSE SANCHEZ started working at the DELANO in or about November of 2003. He worked at the DELANO for approximately fourteen (14) years.   He was not Argentinian.  He worked as a line cook at the DELANO.

138.    Once "sbe" took over the DELANO, the chefs would harass JOSE SANCHEZ, including making derogatory remarks such as calling him "fat boy" or "fat ass."

139.    In or about February of 2017, JOSE SANCHEZ trained a new employee (who he later found out was his replacement).

140.    On or about March 1, 2017, JOSE SANCHEZ was terminated for no legitimate reason.

141.    On the date he was terminated, JOSE SANCHEZ was 53 years old.

00038039.DOCX.4                    P a g e  | **21**
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

## RODNET THEOC

142.    Plaintiff, RODNET THEOC, is a Black person of Haitian decent.  He started working at the DELANO in or about 2001.  He worked at the DELANO for approximately sixteen (16) years.  He worked as a line cook at the DELANO.

143.    Once "sbe" took over the DELANO, RODNET THEOC was harassed by the chefs and treated inhumanely.  The chefs would laugh at him and make fun of him for being Haitian.  Chef Matthew would show up to work drunk and behave erratically including yelling in employee's faces and throwing items around the kitchen.

144.    RODNET THEOC was terminated on or about January 13, 2017, for no legitimate reason.  Chef Jose told RODNET THEOC that he did not need him anymore.

## LUCIENNE VICTOR

145.    Plaintiff, LUCIENNE VICTOR, is a Black person of Haitian decent.  She started working at the DELANO on or about February 3, 2014.  She worked at the DELANO for approximately three (3) years.  She worked as a housekeeper.

146.    LUCIENNE VICTOR was terminated on or about January 3, 2017, for no legitimate reason.

147.    On the date she was terminated, LUCIENNE VICTOR was 47 years old.

## SANDERS VILLIER

148.    Plaintiff, SANDERS VILLIER, is a Black person of Haitian decent.  He started working at the DELANO in or about 2011.  He worked at the DELANO for approximately six (6) years.  He was a butcher at the DELANO.

149.    Once "sbe" took over the DELANO, SANDERS VILLIER was harassed by the chefs and treated badly.  Chef Matthew once said that there are too many "watermelon seeds"

working at the DELANO.  Chef Matthew would also show up to work drunk and would scream at non-white employees, including SANDERS VILLIER.

150.    SANDERS VILLIER speaks Spanish, and he overheard some of the chefs discussing the plan to get rid of the Haitian employees at the DELANO.

151.    SANDERS VILLIER was terminated in or about December of 2016, for no legitimate reason.  SANDERS VILLIER was told that the new management did not need him anymore, and he was not offered an alternative position.

152.    On the date he was terminated, SANDERS VILLIER was 46 years old.

**-COUNT I-**
**(VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)**

Plaintiffs, DECEIDE GUSTAVE, TERENCIUS DELPHIN, CARMEN DUFFOO, TERESA ECHEVARRIA, EDUARDO FLORES, YVON HILAIRE, MIGUELINA JIMENEZ, SOFIA LEON, JOSPEPH METELLUS, LARRY NELSON, CELAMENE PIERRE, EDMOND RAYMOND, CAMEREZE SAINT FORT, JOHN DOE, AS AND IN THE CAPACITY OF THE TO BE NAMED AND/OR UNNAMED PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSE SANCHEZ, RODNEY THEOC, LUCIENNE VICTOR and SANDERS VILLIER, sue all Defendants and allege as follows:

153.    Plaintiffs re-allege and reincorporate paragraphs 1 through 152 as though fully set forth herein.

154.    Defendants violated Title VII by discriminating against Plaintiffs, as outlined above, on the basis of race, national origin and/or color.  At all times relevant to the Complaint, Defendants engaged in unlawful employment practices in violation of Section 703 of Title VII, 42 U.S.C. 2000e-2 by wrongfully terminating because of their race, national origin, and/ or color.

155.    The unlawful employment practices, complained of in paragraphs 39-152 above, were intentional.

156.    The unlawful employment practices, complained of in paragraphs 39-152 above, were done with malice or with reckless indifference to the federally protected rights of the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Order Defendants to make whole Plaintiffs, who were wrongfully discharged or terminated on the basis of their race, national origin, and/or color, by providing appropriate lost wages and back pay, including overtime pay, with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof;

B.    Order Defendants to make whole Plaintiffs, who were wrongly discharged or terminated on the basis of their race, national origin and/or color by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in this action including, but not limited to, relocation expenses, job search expenses, medical expenses, penalties for defaulting on loans, moving expenses and the like, in amounts to be determined at trial;

C.    Order Defendants to make whole Plaintiffs, who were wrongly discharged or terminated on the basis of their race, national origin, and/or color by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in this action including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, and loss of enjoyment of life, and the like, in amounts to be determined at trial;

00038039.DOCX. 4                    P a g e | **24**
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

D.      Order Defendants to cancel and/or expunge all unwarranted personnel action and any adverse materials relating to the Defendants' discriminatory practices;

E.      Order Defendants to pay Plaintiffs, who were wrongly discharged or terminated on the basis of their race, national origin, and/or color, punitive damages for Defendants' malicious and reckless conduct, as described in this action, in amounts to be determined at trial;

F.      Award Plaintiffs their attorneys' fees and costs of this action pursuant to 42 U.S.C. §1988; and

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

### -COUNT II-
### (UNLAWFUL EMPLOYMENT PRACTICES UNDER § 760.10, FLORIDA STATUTES)

Plaintiffs, DECEIDE GUSTAVE, TERENCIUS DELPHIN, CARMEN DUFFOO, TERESA ECHEVARRIA, EDUARDO FLORES, YVON HILAIRE, MIGUELINA JIMENEZ, SOFIA LEON, MOISES MADRIZ, JOSPEPH METELLUS, LARRY NELSON, CELAMENE PIERRE, EDMOND RAYMOND, CAMEREZE SAINT FORT, JOSE SALAZAR, JOHN DOE, AS AND IN THE CAPACITY OF THE TO BE NAMED AND/OR UNNAMED PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSE SANCHEZ, RODNEY THEOC, LUCIENNE VICTOR and SANDERS VILLIER, sue all Defendants and allege as follows:

157.    Plaintiffs re-allege and reincorporate paragraphs 1 through 152 as though fully set forth herein.

158.    Section 760.10(1), Florida Statutes reads in applicable part:  "[i]t is an unlawful employment practice for an employer:   (a) To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms,

conditions, or privileges of employment, because of such individual's race, color, ….. national origin, age, handicap…"

159.    At all times material hereto, Defendants engaged in unlawful employment practices in violation of Fla. Stat. § 760.10.

160.    By subjecting Plaintiffs to discriminatory employment practices, Defendants acted with intent, malice and with reckless disregard for Plaintiffs' protected rights under state and federal law.

161.    The unlawful employment practices, complained of herein, were done despite Plaintiffs' qualifications for the job.

162.    Defendants treated Plaintiffs differently than those outside Plaintiffs' protected classes.

163.    As a direct and proximate cause of Defendants' intentional conduct, Plaintiffs suffered serious economic losses as well as mental pain and suffering.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Order Defendants to make whole Plaintiffs, who were wrongfully discharged or terminated, by providing appropriate lost wages and back pay, including overtime pay, with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof;

B.    Order Defendants to make whole Plaintiffs, who were wrongly discharged or terminated, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in this action including, but not limited to, relocation

00038039.DOCX. 4                    P a g e  | **26**
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

expenses, job search expenses, medical expenses, penalties for defaulting on loans, moving expenses and the like, in amounts to be determined at trial;

C.      Order Defendants to make whole Plaintiffs, who were wrongly discharged or terminated, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in this action including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, and loss of enjoyment of life, and the like, in amounts to be determined at trial;

D.      Order Defendants to cancel and expunge all unwarranted personnel action and any adverse materials relating to the Defendants' discriminatory practices;

E.      Order Defendants to pay Plaintiffs, who were wrongly discharged or terminated, punitive damages for Defendants' malicious and reckless conduct, as described in this action, in amounts to be determined at trial;

F.      Award Plaintiffs any relief allowable pursuant to Fla. Stat. § 760.11(5);

G.      Award Plaintiffs their attorneys' fees and costs of this action pursuant to Fla. Stat. § 760.11(5); and

H.      Grant such further relief as the Court deems necessary and proper in the public interest.

### -COUNT III-
### (VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT)

Plaintiffs, DECEIDE GUSTAVE, TERENCIUS DELPHIN, CARMEN DUFFOO, TERESA ECHEVARRIA, EDUARDO FLORES, YVON HILAIRE, MIGUELINA JIMENEZ, SOFIA LEON, MOISES MADRIZ, JOSPEPH METELLUS, LARRY NELSON, CELAMENE PIERRE, EDMOND RAYMOND, CAMEREZE SAINT FORT, JOSE SALAZAR, JOHN DOE, AS AND IN THE CAPACITY OF THE TO BE NAMED AND/OR UNNAMED PERSONAL

00038039.DOCX. 4                P a g e | 27
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

REPRESENTATIVE OF THE ESTATE OF JOSE SANCHEZ, LUCIENNE VICTOR and SANDERS VILLIER, sue all Defendants and allege as follows:

164.    Plaintiffs re-allege and reincorporate paragraphs 1 through 152 (excluding paragraphs 17 & 142-144) as though fully set forth herein.

165.    At all relevant times, Plaintiffs were over forty (40) years of age and in a protected group under the Age Discrimination in Employment Act as provided in 29 U.S.C. § 623 *et seq.*, as amended (the "ADEA").

166.    In violation of the ADEA, Defendants unlawfully discriminated against Plaintiffs.

167.    Defendants treated Plaintiffs differently than those outside Plaintiffs' protected class.

168.    The unlawful employment practices, complained of herein, were done despite Plaintiffs' qualifications for the job.

169.    Defendants have conducted themselves intentionally, deliberately, willfully, and in callous disregard of Plaintiffs' rights.

170.    As a result of the foregoing, Plaintiffs suffered damages.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Order Defendants to make whole Plaintiffs, who were wrongfully discharged or terminated, by providing appropriate lost wages and back pay, including overtime pay, with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof;

B.    Order Defendants to make whole Plaintiffs, who were wrongly discharged or terminated, by providing compensation for past and future pecuniary losses resulting from the

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

unlawful employment practices described in this action including, but not limited to, relocation expenses, job search expenses, medical expenses, penalties for defaulting on loans, moving expenses and the like, in amounts to be determined at trial;

C.     Order Defendants to make whole Plaintiffs, who were wrongly discharged or terminated, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in this action including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, and loss of enjoyment of life, and the like, in amounts to be determined at trial;

D.     Order Defendants to cancel and/or expunge all unwarranted personnel action and any adverse materials relating to the Defendants' discriminatory practices;

E.     Order Defendants to pay Plaintiffs, who were wrongly discharged or terminated, liquidated damages in amounts to be determined at trial;

F.     Award Plaintiffs any relief allowable pursuant to 29 U.S.C. § 626;

G.     Award Plaintiffs their attorneys' fees and costs of this action pursuant to 29 U.S.C. § 626 and 29 U.S.C. § 216, 217; and

H.     Grant such further relief as the Court deems necessary and proper in the public interest.

**-COUNT IV-**
**(VIOLATION OF THE AMERICAN WITH DISABILITIES ACT)**

Plaintiffs, CARMEN DUFFOO and EDUARDO FLORES, sue all Defendants and allege as follows:

171.   Plaintiffs, CARMEN DUFFOO and EDUARDO FLORES, re-allege and reincorporate paragraphs 3, 5, 20-67, 75-83 and 89-91 as though fully set forth herein.

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

172.     At all relevant times, Plaintiffs, CARMEN DUFFOO and EDUARDO FLORES, were qualified individuals with disabilities and in a protected group under the American with Disabilities Act as provided in 29 U.S.C. § 701 *et seq*., as amended (the "ADA").

173.     Defendants are covered employers under the ADA.

174.     In violation of the ADA, Defendants unlawfully denied Plaintiffs, CARMEN DUFFOO and EDUARDO FLORES, a reasonable accommodation for their disabilities.

175.     In violation of the ADA, Defendants unlawfully discriminated against Plaintiffs, CARMEN DUFFOO and EDUARDO FLORES.

176.     Defendants treated Plaintiffs, CARMEN DUFFOO and EDUARDO FLORES, differently than those outside Plaintiffs' protected class.

177.     The unlawful employment practices, complained of herein, were done despite Plaintiffs' qualifications for the job.

178.     Defendants have conducted themselves intentionally, deliberately, willfully, and in callous disregard of the rights of Plaintiffs, CARMEN DUFFOO and EDUARDO FLORES.

179.     As a result of the foregoing, Plaintiffs,  CARMEN DUFFOO and EDUARDO FLORES, suffered damages.

180.     Plaintiffs, CARMEN DUFFOO and EDUARDO FLORES, are entitled to reasonable attorneys' fees, as well as litigation expenses and costs pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiffs, CARMEN DUFFOO and EDUARDO FLORES, demand judgment against Defendants, for damages, including lost pay, compensatory and punitive, together with any and all equitable relief this Court deems just and proper, including reasonable attorney's fees, together with an award of interest and costs as allowable by the ADA.

00038039.DOCX. 4                               P a g e | **30**
**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

## -COUNT V-
## (HOSTILE AND ABUSIVE WORKING ENVIRONMENT)

Plaintiffs, DECEIDE GUSTAVE, TERENCIUS DELPHIN, CARMEN DUFFOO, TERESA ECHEVARRIA, EDUARDO FLORES, YVON HILAIRE, MIGUELINA JIMENEZ, SOFIA LEON, MOISES MADRIZ, JOSPEPH METELLUS, LARRY NELSON, CELAMENE PIERRE, EDMOND RAYMOND, CAMEREZE SAINT FORT, JOSE SALAZAR, JOHN DOE, AS AND IN THE CAPACITY OF THE TO BE NAMED AND/OR UNNAMED PERSONAL REPRESENTATIVE OF THE ESTATE OF JOSE SANCHEZ, RODNEY THEOC, LUCIENNE VICTOR and SANDERS VILLIER, sue all Defendants and allege as follows:

181.    Plaintiffs re-allege and reincorporate paragraphs 1 through 180 as though fully set forth herein.

182.    Defendants' conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII, the ADA, and the ADEA.

183.    The stated reasons for the Defendants' conduct were not the true reasons, but instead were pretextual to hide the Defendants' discriminatory animus.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.    Order Defendants to make whole Plaintiffs, who were wrongfully discriminated, by providing appropriate lost wages and back pay, including overtime pay, with prejudgment and post-judgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of these unlawful employment practices including, but not limited to, reinstatement or front pay in lieu thereof;

B.    Order Defendants to make whole Plaintiffs, who were wrongly discriminated, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in this action including, but not limited to, relocation expenses,

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

job search expenses, medical expenses, penalties for defaulting on loans, moving expenses and the like, in amounts to be determined at trial;

        C.      Order Defendants to make whole Plaintiffs, who were wrongly discriminated, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in this action including, but not limited to, emotional and/or physical pain, suffering and mental anguish, humiliation, and loss of enjoyment of life, and the like, in amounts to be determined at trial;

        D.      Order Defendants to cancel and/or expunge all unwarranted personnel action and any adverse materials relating to the Defendants' discriminatory practices;

        E.      Order Defendants to pay Plaintiffs, who were wrongly discriminated, liquidated damages in amounts to be determined at trial;

        F.      Order Defendants to pay Plaintiffs, who were wrongly discriminated, punitive damages for Defendants' malicious and reckless conduct, as described in this action, in amounts to be determined at trial;

        G.      Award Plaintiffs any relief allowable pursuant to Title VII, the ADA, and the ADEA;

        H.      Award Plaintiffs their attorneys' fees and costs of this action pursuant to 42 U.S.C. §1988, 29 U.S.C. § 626, 29 U.S.C. § 216, 217, and/or 42 U.S.C. § 12205; and

        I.      Grant such further relief as the Court deems necessary and proper in the public interest.

**[REMAINDER OF THE PAGE LEFT INTENTIONALLY BLANK]**

**The Alderman Law Firm**
9999 NE 2nd Ave., Suite 211 ● Miami Shores, FL 33138 ● ph. 305.200.5473 ● fax. 305.200.5474

## DEMAND FOR JURY TRIAL

Plaintiffs respectfully request a trial by jury on all issues so triable.

Respectfully submitted,

THE ALDERMAN LAW FIRM
*Attorneys for Plaintiffs*
9999 NE 2nd Avenue, Suite 211
Miami Shores, Florida 33138
Telephone: 305-200-5473
Facsimile: 305-200-5474
E-Mail: jalderman@thealdermanlawfirm.com
        kjohnson@thealdermanlawfirm.com

By: */s/ Kristy M. Johnson*
    Jason R. Alderman
    Florida Bar No. 172375
    Kristy M. Johnson
    Florida Bar No. 144282
    Troy A. Tolentino
    Florida Bar No. 117981