UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DECEIDE GUSTAVE, TERENCIUS
DELPHIN, CARMEN DUFFOO,
TERESA ECHEVARRIA, EDUARDO
FLORES, YVON HILAIRE,
MIGUELINA JIMENEZ, SOFIA LEON,
MOISES MADRIZ, JOSEPH METELLUS,
LARRY NELSON, CELAMENE PIERRE,
EDMOND RAYMOND, CAMEREZE
SAINT FORT, JOSE SALAZAR,
JOHN DOE, AS AND IN THE CAPACITY
OF THE TO BE NAMED AND/OR
UNNAMED PERSONAL
REPRESENTATIVE OF THE
ESTATE OF JOSE SANCHEZ, RODNEY
THEOC, LUCIENNE VICTOR, and
SANDERS VILLIER,

CASE NO.: 19-cv-23961-RNS

    Plaintiffs,

v.

SBE ENT HOLDINGS, LLC, a Foreign
Limited Liability Company doing business
as sbe, BEACH HOTEL ASSOCIATES,
LLC, a Foreign Limited Liability Company,
doing business as DELANO HOTEL
SOUTH BEACH, MORGANS HOTEL
GROUP MANAGEMENT, LLC,
a Foreign Limited Liability Company,
formerly doing business as DELANO
HOTEL, and JOHN DOE ENTITY
Formerly known as Morgans Hotel Group,

    Defendants.
_____/

**PLAINTIFFS' MOTION TO STAY BRIEFING ON
DEFENDANTS' MOTION TO STAY PROCEEDINGS AND COMPEL ARBITRATION
PENDING LIMITED ARBITRATION-RELATED DISCOVERY AND
<u>INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiffs, Deceide Gustave, Carmen Duffoo, Teresa Echevarria, Eduardo Flores, Yvon Hilaire, Miguelina Jimenez, Sofia Leon, Moises Madriz, Joseph Metellus, Celamene Pierre, Edmond Raymond, Jose Salazar, John Doe, as-and-in the capacity of the to be named and/or unnamed personal Representative of the Estate of Jose Sanchez, Rodney Theoc, and Sanders Villier (collectively, "Plaintiffs"), by and through undersigned counsel, file this motion with the Court seeking a ninety (90) day stay of the briefing deadline on Defendants' Motion to Stay Proceedings and Compel Arbitration ("Motion to Compel Arbitration" or "Motion") (D.E. 10) to permit the parties to conduct limited arbitration-related discovery. In the event the Court denies the stay request, Plaintiffs alternatively request a thirty (30) day extension of time in which to respond to the Motion. In support hereof, Plaintiffs state as follows:

I. **PRELIMINARY STATEMENT.**

Plaintiffs are primarily former food and beverage/ kitchen workers at the Delano Hotel, a "SBE" hotel. The Plaintiffs have brought suit against the Defendants for violation of federal and state discrimination laws for engaging in racial, age and national origin discrimination. The instant litigation, as well as an identical case pending before the Honorable Darrin P. Gayles, is the ***second*** wave of mass discrimination claims brought against "SBE" by kitchen and food workers for blatant discriminatory operations in its hotels in South Beach.

The first wave of discrimination claims resulted from SBE's discriminatory practices at its other hotel, the SLS South Beach. There, the EEOC and certain intervenor laintiffs filed suit in the case styled *Equal Employment Opportunity Commission vs. SBEEG Holdings, LLC, et. al.,* 17-21446 ("SLS Litigation"). The SLS Litigation ended with a Consent Decree that, most notably required "SBE" to pay **$2,500,000** to a class of fifteen (15) low wage dishwashers, placed all of

SBE's "Miami Region Properties" (including the Delano Hotel) under the jurisdiction of an Independent Monitor, and required the establishment of non-discrimination policies and practices.

The SLS Litigation and this case are inextricably intertwined in that SBE purchased the Delano Hotel in 2016. Notwithstanding the fact that SBE and the SLS South Beach Hotel were under an EEOC investigation, SBE immediately commenced discriminating against the kitchen and food workers at the Delano Hotel in the same manner as it did in the kitchens at SLS Hotel South Beach across the street. The same chef responsible for the discrimination at the SLS South Beach Hotel, Jose Icardi, was transferred to the Delano Hotel to open a new, "authentic" Argentinian restaurant called *Leynia*. He wanted it so "authentic" that only his view of who constituted a hip, real Argentinian could work in the restaurant, requiring mass ethnic firings of "non-hip Argentinians" employees. As was the case at the SLS South Beach, Jose Icardi had ***zero*** regard for federal and state discrimination laws ***or employees that are Haitian, African-American, or over the age of 40.***

Through this motion, Plaintiffs seek a stay of the briefing on Defendant's Motion to Compel Arbitration in order to conduct limited arbitration discovery. Plaintiffs challenge the enforceability of the subject arbitration provision on multiple grounds, including, (i) the absence of any arbitration agreement between Plaintiffs and these Defendants or lack of standing to rely on an arbitration agreement entered into by another unrelated party or to which is not a signatory, (ii) lack of mutuality of obligation; (iii) lack of consent; (iv) waiver; (v) novation; (vi) suspension, release, termination and abandonment; (vii) scope; and (viii) unconscionability. Plaintiffs challenge Defendants' standing to rely on the arbitration provision, as well as their enforceability, given Defendants rely on affidavits to support their contention that the purported employee

handbook containing the arbitration provision survived a series of corporate entity and asset transfers; and, that its enforcement under these circumstances would not be unconscionable.

Succinctly stated, basic notions of due process mandate that Plaintiffs are afforded the opportunity to take discovery in order to lay the factual predicate necessary to defend against the Motion and challenge Defendants' supporting affidavits. The discovery sought is reasonable and useful in building a complete record essential to determining whether Defendants have standing to assert a right to arbitration based upon the purported arbitration agreement and, if so, whether the agreement is enforceable as to Plaintiffs claims. The Defendants will suffer no prejudice, as Judge Gayles granted a stay in the related litigation for purposes of taking arbitration related discovery. Moreover, Defendants are still required to partake in merit-based discovery associated with the other 4 plaintiffs whom Defendants concede are not subject to arbitration.

## II.   RELEVANT BACKGROUND.

### A.   This Case and the Mendez Case Are Related.

Plaintiffs initiated the instant litigation on September 24, 2019. (D.E. 1). As alleged in this Complaint, Plaintiffs are former employees at the Delano Hotel. *Id.* at ¶ 28. The "Delano Hotel" is not a legal entity. Plaintiffs believed that Defendant, Morgans Hotel Group Management, LLC, was the owner of the Delano Hotel, as that is the company on their payment information. Plaintiffs set forth in the "General Allegations" section of the Complaint detailed factual allegations concerning "SBE"'s acquisition of the Delano, the discriminatory new vision for the Delano implemented by Jose Icardi and "SBE," and the wholesale failure of the Human Resources Department to stop the discrimination. D.E. 1, at ¶¶ 39 - 67.

Plaintiffs seek recovery under the theories of violations of the Civil Rights Act of 1964, Section 703 of Title VII, 42 U.S.C. § 2000e-2 (Count I), unlawful employment practices under §

760.10, Fla. Stat. (Count II), violations of the Age Discrimination in Employment Act, 29 U.S.C. § 623, *et seq.* (Count III), violations of the American with Disabilities Act, 29 U.S.C. § 701, *et seq.* (Count IV), and hostile and abusive working environment (Count V).

On November 27, 2019, Defendants filed their *Motion to Stay Proceedings and Compel Arbitration and Memorandum in Support*, only seeking to compel arbitration against 15 of the 19 Plaintiffs in this case. (D.E. 10). The purported arbitration provision is set forth in an employee handbook for the "Morgans Hotel Group" and "Company" issued and executed years before SBE purportedly acquired the asset of the hotel. In support of their Motion, Defendants rely on declarations from (i) Lourdes Paredes (Director of Human Resources for Delano Hotel); and (ii) James Greeley (Chief Legal Officer at SBE). Most notably, Ms. Paredes attaches only selected excerpts from this handbook, none of which establish these Defendants legal entitlement to assert contract rights of a presumably unrelated entity that sold and/or transferred its assets to their parent company. Further, the Affidavit of James Greeley is replete with sprinkles of legal conclusions and self-serving declarations, none of which establish any succession of rights or explain Defendants' wholesale failure to produce the entire handbooks.

In the related case styled *Elba Mendez v. Beach Hotel Associates, LLC, et al.*, Case No. 19-cv-23105-DPG ("Mendez Case"), plaintiff Mendez asserts the same claims asserted in this litigation, arising from the same discriminatory conduct. The Mendez Case was filed before this litigation because the EEOC issued her right to sue letter months before it issued the Plaintiffs right to sue letters. Plaintiff Mendez' claims are age discrimination related and she still works at the Delano Hotel. The same Defendants filed a similar Motion to Stay Proceedings and Compel Arbitration (Mendez Case D.E. 8) ("Motion to Compel Arbitration"), raising the same arbitration provision at issue in this case. There, the Plaintiff sought to stay the briefing on Defendants'

Motion to Compel Arbitration to permit the parties to conduct limited arbitration-related discovery. *See* Mendez Case D.E. 16. The Court denied Defendants' Motion to Compel Arbitration in the Mendez Case and granted Plaintiff's Motion to Stay and stayed the case pending completion of limited discovery to determine enforceability of the arbitration provision. Copies of the Orders denying Defendants' Motion to Stay (Mendez Case D.E. 23) and granting Plaintiff's Motion to Stay (Mendez Case D.E. 24) are attached hereto as Exhibits A and B, respectively.

### B. The SLS Litigation.

As stated in § 1 *supra*, the instant litigation is inextricably intertwined with the Mendez Case and the SLS Litigation, as they share a common nucleus set of overlapping operative facts. In the SLS Litigation, in or about October, 2014, a class of 15 aggrieved Haitian kitchen workers at the SLS Hotel filed charges with the Equal Employment Opportunity Commission (EEOC), contending that SBE and the SLS South Beach Hotel discriminated against them (through Chef Jose Icardi) by firing them all under the guise of "outsourcing." The EEOC alleged that the aggrieved Haitian kitchen workers were called disparaging names by their supervisors, terminated *en masse*, and replaced with outsourced workers that were made up almost entirely of white and/or Hispanic workers. *See* EEOC Compl. at ¶¶ 64, 67, 83. A copy of the EEOC's Complaint is attached hereto as Exhibit C.

On or about July 25, 2018, the EEOC and SLS Defendants entered into a Consent Decree, which required the creation and implementation of a written discrimination policy for SBE's Miami region properties, including the Delano Hotel, to be included in any employee handbook. *See* Consent Decree at ¶¶ 22 - 30. A copy of the Consent Decree is attached hereto as Exhibit D. The Consent Decree also required the appointment of an independent monitor and a Decree Compliance Monitor to ensure compliance with the Consent Decree and oversee the investigation

of all complaints of discrimination at SBE's Miami region properties (hereinafter the "SBE Discrimination Monitor"). *See* Consent Decree at ¶¶ 46-47, 51-56. The Court approved the Consent Decree on July 27, 2018.

### III. RELEVANT LAW ON ARBITRATION RELATED DISCOVERY.

Generally, under the Federal Arbitration Act, "a district court must compel arbitration if the parties have agreed to arbitrate their dispute." *Chastain v. Robinson-Humphrey*, 957 F.2d 851, 853-854 (11th Cir. 1992) (citing 9 U.S.C. §§ 2,3). However, "parties cannot be forced to submit to arbitration if they have not agreed to do so." *Id.* at 854. Therefore, "the first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate that dispute." *Id.*

Courts allow parties to take limited discovery on the issue of arbitrability. *See Kardonick v. Citigroup, Inc.*, 2012 WL 3594359 (S.D. Fla., August 16, 2012)(court permitted "limited arbitration-related discovery" for 90 days); *Chamberlain v. Integraclick, Inc.*, 2011 WL 13238359 (N.D. Fla., March 21, 2011) (court stayed briefing on arbitration motion and granted limited discovery on issue of arbitration). *See also Smith v. Davison Design & Devel, Inc.*, 2013 WL 12155489 (M.D. Fla., Dec. 18, 2013).

### IV. ARGUMENT.

Plaintiffs should be permitted to take arbitration related discovery in order to properly defend against the Motion to Compel. As discussed *infra*, Plaintiffs intend on raising numerous defenses to the existence, standing, scope and enforceability of the claimed arbitration provision. Basic notions of due process warrant Plaintiffs the ability to take discovery given Defendants fail to attach complete copies of documents, assert affidavits from multiple witnesses, and given the factually intensive nature of the inextricably intertwined cases.

    **A.    Plaintiffs Are Entitled to Establish that Defendants Are Not the "Successor-In-Interest" to Contract Rights Set Forth in the Morgans Hotel Group Employee Handbook**.

Defendants' sole claim to having standing to enforce the subject arbitration provision is that they are the successor-in-interest through corporate and asset transfers to the original contracting party. Plaintiffs squarely challenge this contention and, thus, seek discovery.

Plaintiffs are all former employees who worked at the "Delano Hotel." The Delano Hotel is not a separate, legal entity. At least as of December 31, 2011, Morgans Hotel Group Co., a Delaware public entity, claimed fee simple ownership of the property upon which the Delano Hotel is situated. *See* Exhibit E.

The arbitration clause invoked by Defendants is contained in a "Morgans Hotel Group Employee Handbook" ("MHG Employee Handbook"). The document was created and acknowledged by Plaintiffs at least five (5) years prior to SBE's acquisition of the Delano Hotel (as an asset) in 2016. And, most notably, at least seven (7) years prior to SBE's agreement to the Consent Decree and placement of its Miami Properties under the SBE Discrimination Monitor.

The MHG Employee Handbook is not attached to either the Motion to Compel Arbitration or any of Defendants' supporting affidavits. Only those "cherry picked" excerpts of this document that is at a minimum 111 pages in length are provided to Plaintiffs and the Court in support of the Motion.

Conspicuously absent from any of the Defendants' filings is either (i) a **complete copy of the MGH Employee Handbook**; or, (ii) any explanation of the critical definition of "Morgans Hotel Group" or "Company" referenced in the MHG Employee Handbook. Stated simply, one cannot look at the excerpts attached by Defendants and determine what entity or entities fit within the definitions of "Morgans Hotel Group" or "Company." Nor can one look to the Motion to

Compel or supporting affidavits and discern how these Defendants became the legal successor-in-interest to the original contracting parties.  The plaintiff, Elba Mendez, in the Mendez Case, sought production of the complete MHG Employee Handbook, and Defendants objected as "not relevant" to the litigation.

Turning to the necessity of discovery, as alleged by Plaintiffs, and as conceded by Defendants, "SBE" purchased the Delano Hotel through its purchase of the assets of "Morgans Hotel Group."  (D.E. 10-2 at ¶ 7).  The purchase and sale of these assets appears to have been effectuated either through a series of stock or asset transfers or both.  *Id.*  Prior to the subject transactions, Morgans Hotel Group Co., a publicly traded company, and through its public filings claimed ownership of the Delano Hotel.  *See* Exhibit E.

According to Defendants, ". . . a new parent company was formed in October 2016, SBE ENT Holdings, LLC for the purpose of owning both legacy SBE entities and assets and soon-to-be acquired Morgans Hotel Group entities and assets." (D.E. 10-2 at ¶ 7).  Nothing in the Motion or supporting declarations establishes the legal succession of contract rights from the prior public entity of Morgans Hotel Group Co. to the newly established SBE ENT Holdings, LLC.  If these rights did not legally succeed to Defendants (instead being retained by Morgans Hotel Group Co.) then Defendants have no right to legally assert them. Moreover, if this entity ceased to exist after the conclusion of the transaction, then such contract rights likely terminated at that time. Discovery will permit Plaintiffs to properly ascertain Defendants succession theory.

Further mudding this issue is the fact that Plaintiffs have engaged in numerous good faith conferrals with Defendants, attempting to ascertain whether rights under the MHG Employee Handbook succeeded to Defendants or extinguished as a result of SBE's asset acquisition of the Delano Hotel.  Prior to filing the Motion, Defendants' counsel contacted Plaintiffs' counsel and

advised that Defendants intended to move to stay these proceedings as to 15 of the 19 Plaintiffs to seek to compel arbitration based upon an arbitration provision in an employee handbook <u>issued by Defendant, Morgans Hotel Group Management, LLC</u>.  As part of the good faith conferral process relating to Defendants' motion to compel arbitration, Plaintiffs requested certain information relating to Defendants' argument that this matter is subject to an arbitration agreement.  Defendants have provided some, but not all, of the information requested by Plaintiff.

According to information provided by Defendants' counsel, Morgans Hotel Group Management, LLC may no longer be a legal entity because it merged with "SBE" to form one consolidated entity doing business as "sbe" at Delano.  If true, these Defendants would be stripped of standing to enforce a "Morgans Hotel Group" arbitration provision.

Plaintiffs are entitled to take discovery to establish that none of these Defendants are non-signatory successors to the "Company" and "Morgans Hotel Group," entitled to enforce the MHG Employee Handbook and arbitration provision.  Moreover, Defendants rely on affidavits which reference documents and make legal and factual assertions in order satisfy their burden of establishing an arbitration agreement (through succession of corporate interests) between Plaintiffs and Defendants' claimed predecessors.  Basic notions of due process warrant Plaintiffs the opportunity to take discovery to establish the invalidity of Defendants' factual and legal positions. This is especially true given all of the information required to defend against Defendants' positions are within the *sole* care, custody and control of Defendants themselves.

    **B.**    **Plaintiffs Are Entitled to Take Discovery on the Nucleus of Operative Facts Underlying Their Defenses of Scope, Waiver, Novation, Suspension, Etc.**

Plaintiffs assert the defenses of (i) the absence of any arbitration agreement between Plaintiffs and these Defendants or lack of standing to rely on an arbitration agreement entered into by another unrelated party or to which is not a signatory, (ii) lack of mutuality of obligation; (iii)

lack of consent; (iv) waiver; (v) novation; (vi) suspension, release, termination and abandonment; (vii) scope; and (viii) unconscionability.  Plaintiffs seek discovery to establish these defenses which arise from the same operative nucleus set of facts emanating from SBE's wholesale failure to comply with federal and state discrimination laws, the mass discrimination taking place at the SLS Hotel South Beach, and the subsequent Consent Decree and SBE Discrimination Monitor.

For example, the subject arbitration provision is not a stand-alone provision that requires arbitration of any and all disputes.  It is part of an overall "internal dispute resolution policy" with multiple pre-arbitration steps that require Defendants' cooperation and participation.  Moreover, the policy itself says it can be suspended, revised and/or eliminated.  Specifically, the relevant provisions are as follows-

> **Binding and Private Arbitration**
>
> **Resolve the Matter**
>
> Morgans Hotel Group's <u>internal dispute resolution policy</u> is designed to resolve problems or complaints before they reach the level of binding private arbitration. In addition to those provisions, <u>the final step in the procedure allows for the resolution of disputes arising from your employment through binding and private arbitration</u>.

(Emphasis supplied).

This provision cannot be read in isolation.  The entire agreement must be read as a whole and in conjunction with integrated documents such as the "Acknowledgement" relied upon by Defendants. *See Harris Air Systems, Inc. v. Gentrac, Inc.*, 578 So. 2d 879 (Fla. 1st Dist. Ct. App. 1991) (court construed written provisions in subcontract and contract *in pari materia*). Specifically, it reads-

> **Acknowledgement**
>
> I have met with my Supervisor or a member of my Human Resources Department and have read and thoroughly understand this Handbook . . . Should I not understand any portion of this Handbook, it is my responsibility to seek out an answer through my Supervisor or the Human

> Resources Department. <u>The Morgans Hotel Group Employee Handbook is intended to provide a general overview of the Company</u> and information regarding policies and benefits. Because we operate in a dynamic industry, <u>some policies and benefit programs currently in effect may be revised, suspended, or eliminated by Morgans Hotel Group in response to business needs</u> **or changing legal requirements**.
>
> […]
>
> <u>I specifically state that I have read those parts of this Handbook that require Binding and Final Arbitration of any dispute I have relating to my employment</u> **that is not resolved directly with management**. I accept and agree to all terms and conditions of the policy for Binding and Final Arbitration as they are described in this Handbook.
>
> I also understand that this Handbook is intended to provide an overview of the Morgans Hotel Group personnel policies <u>and does not necessarily represent all Morgans Hotel Group's policies</u>.

(Emphasis supplied).

    When construed together, the aforementioned provisions hold that the "internal dispute resolution policy" requires arbitration as the "final step in the procedure." The procedure requires "management" to first hear and resolve the employee's dispute. The policy itself is further subject to revision, suspension and elimination by Morgans Hotel Group.

    Discovery will establish that this "internal dispute resolution policy" only applies to current employees (i.e, does not survive termination), and that the policy was eliminated (1) when Chef Jose Icardi and the SLS South Beach Hotel (a non-manager and non-employee of the Defendants) assumed management over Plaintiffs and the Delano Hotel upon acquisition; and, (2) when the Consent Decree was entered into, putting in place the SBE Discrimination Monitor.

    Further, and specific to Plaintiffs' defense of waiver, discovery will establish that Defendants waived any right to insist on arbitration, as arbitration is the last act of the internal dispute resolution policy. Prior to arbitration, Defendants' management is required to partake in the internal dispute resolution policy. Discovery will establish that Defendants refused to partake

in the internal dispute resolution policy and, thus, this act is deemed a waive and elimination of the policy itself, including arbitration.

  **C.** **Plaintiffs Are Entitled to Discovery in Support of Their Unconscionability Defense.**

Assuming *arguendo* Defendants have standing to enforce the arbitration agreement as proper successors-in-interest, and further assuming arguendo Defendants or the Consent Decree did not eliminate the internal dispute resolution policy, Plaintiffs challenge the enforceability of the arbitration provision on the grounds of unconscionability.

As Plaintiffs will demonstrate through discovery, the instant litigation is not a simple, single employee versus a single employer discrimination case. Nor is it- as Defendants attempt to portray- a simple the "employee" signed an "employee handbook" with the Defendants that contains a robust arbitration provision.

The internal dispute resolution policy set forth in the MHG Employee Handbook is **entirely** premised upon the existences of a valid, functioning management and working Human Resources Department that would receive dispute intakes, deal with discrimination complaints, and attempt to adhere and comply to federal and state equal employment and non-discrimination laws. <u>None of this existed</u>. To the horror of the employees at two (2) "SBE" properties, the exact opposite existed, that is, blatant and unchecked discrimination. The circumstances giving rise to the Consent Decree and SBE Discrimination Monitor (applicable to all Miami SBE Properties) occurred both at the SLS South Beach Hotel and the Delano, as SBE put the chief discriminator (Jose Icardi) in de facto control over the Delano Human Resources and management of the kitchen portion of the Delano Hotel.

Discovery will establish that the internal dispute resolution policy set forth in the MHG Employee Handbook, including the arbitration provision, in this context is both procedurally and

substantively unconscionable.  This is particularly true given that (i) the arbitration provision is buried in small print font (6 point) in a 111 page document that itself references by incorporation collateral written policies and books of unknown length; (ii) requires a low wage worker to front half the filing fee (a clear and likely fatal financial deterrent); (iii) provides that the arbitrator ". . . may require the employee to pay half of all arbitration fees and costs…" irrespective of whether the employee wins the arbitration (a clear and likely fatal financial deterrent to an employee obtaining a contingency fee lawyer);  and,  (iv) that only the employee is obligated to go to arbitration, as Morgans Group Hotel is not obligated to go to arbitration if it decides to assert claims against the employee.  Accordingly, Plaintiffs should be provided the right to take discovery to establish that the enforcement of the subject arbitration provision would be unconscionable under these circumstances.

### V.     STAY REQUESTED.

Plaintiffs seek a ninety (90) days stay in the briefing of the Motion to Compel Arbitration and the right to take arbitration related discovery consistent with the defenses articulated herein. Plaintiffs underscore the lack of prejudice to Defendants in that not all Plaintiffs are subject to the Motion to Compel Arbitration.  Only 15 of the 19 Plaintiffs signed the MHG Employee Handbook prior to SBE's acquisition of the Delano Hotel.  The remaining four plaintiffs are proceeding with merit-based discovery.  The arbitration related discovery can be taken concurrently with the merit-based discovery asserted by the other four plaintiffs.

### VI.    ALTERNATIVE MOTION FOR EXTENSION IF COURT DENIES STAY REQUEST.

In the event this Court denies Plaintiffs request for a stay and discovery, Plaintiffs alternatively move for a thirty (30) day extension in which to respond to Defendants' Motion to

Compel Arbitration. Thirty (30) days is necessary given the number of Plaintiffs and the holidays. No party will be prejudiced by the granting of such an extension.

WHEREFORE, Plaintiffs request that this Court stay the briefing of Defendants' Motion to Compel for ninety (90) days and permit Plaintiffs to take arbitration related discovery and, in the even the Court denies Plaintiffs' stay request, Plaintiffs alternatively request a thirty (30) day extension.

### LOCAL RULE 7.1 CERTIFICATE OF GOOD FAITH CONFERRAL

In accordance with Local Rule 7.1(a)(3), S.D. Fla. L.R., undersigned counsel hereby certifies that Kristy M. Johnson conferred with counsel for Defendants, via e-mail but no agreement has been reached on the issues raised in this motion.

Respectfully submitted,

THE ALDERMAN LAW FIRM
*Attorneys for Plaintiffs*
9999 NE 2nd Avenue, Suite 211
Miami Shores, Florida 33138
Telephone: 305-200-5473
Facsimile: 305-200-5474
E-Mail: jalderman@thealdermanlawfirm.com
         kjohnson@thealdermanlawfirm.com

By: /s/ *Jason R. Alderman*
    Jason R. Alderman
    Florida Bar No. 172375
    Kristy M. Johnson
    Florida Bar No. 144282
    Troy A. Tolentino
    Florida Bar No. 117981

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on December 11, 2019, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, and that, on the same date, service of the electronically-filed document was made on the following parties and counsel of record who have consented to receive service through the CM/ECF system and will receive notification of this filing via an email generated by the CM/ECF system.

s/ *Jason R. Alderman*  
Jason R. Alderman
