UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-23961-Civ-SCOLA/TORRES

DECEIDE GUSTAVE, *et al.*,

    Plaintiffs,

v.

SBE ENT HOLDINGS, LLC *et al.*,

    Defendants.

_____/

REPORT AND RECOMMENDATION
ON PLAINTIFFS' MOTION FOR COSTS

This matter is before the Court on Larry Nelson's, Terencius Delphin's, Camereze Saint Fort's, and Lucienne Victor's (collectively, "Plaintiffs") motion for $48,065.01 in costs [D.E. 148] against SBE ENT Holdings, *et al.*'s ("Defendants"). Defendants responded to Plaintiffs' motion on February 23, 2021 [D.E. 153] to which Plaintiffs replied on March 12, 2021. [D.E. 156]. Therefore, the motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, the motion for costs should be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On January 15, 2021, the Honorable Robert N. Scola referred Plaintiffs' motion to the undersigned Magistrate Judge for disposition. [D.E. 143].

1

## I. BACKGROUND

On September 24, 2019, nineteen former employees of the Delano Hotel filed a complaint alleging that Defendant discriminated against them. The complaint includes allegations, among others, that Defendant discriminated based on color, race, and national origin in violation of Title VII of the Civil Rights Act, age in violation of the Age Discrimination in Employment Act, unlawful employment practices in violation of the Florida Unlawful Employment Practices Act ("FUEPA"), retaliation, and hostile work environment. After the filing of this action, the Court compelled fifteen plaintiffs to arbitration. The four remaining plaintiffs later resolved their claims during mediation on October 14, 2020 and they now seek a reasonable cost award pursuant to the underlying settlement agreement.

## II. APPLICABLE PRINCIPLES AND LAW

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). A court should not take into consideration the relative wealth of the

parties, as it would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*[2]

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

### III. ANALYSIS

Plaintiffs seek a cost award of $48,065.01. This total includes $400 for filing fees, $2,815 for service of process, $27,781.30 for depositions, $603.50 for hearing transcripts, $49.95 for printing, $907 for deposition exhibits, and $15,508.26 for interpreters. Defendants concede that Plaintiffs are entitled to a cost award but say

---

[2] The following costs are permitted under 28 U.S.C. § 1920:

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

that the amount requested is excessive. Defendants claim that the award should be reduced to $18,744.86 because this reflects a reasonable sum given the work performed and the costs authorized under 28 U.S.C. § 1920. Before turning to the merits, we consider the question of entitlement.

### A.     *Entitlement to Costs*

To recover costs, Plaintiffs must be a prevailing party. *See* Fed. R. Civ. P. 54(d)(1) (providing that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."). If Plaintiffs are not a prevailing party, the inquiry ends absent statutory or contractual language to the contrary. To determine whether a party is "prevailing," it requires a finding of a court-ordered material alteration in the legal relationship between the parties. *See Buckhannon Bd. and Care Home, Inc.*, 532 U.S. at 605. A "material alteration" occurs in: "(1) a situation where a party has been awarded by the court 'at least some relief on the merits of his claim' or (2) a 'judicial imprimatur on the change' in the legal relationship between the parties." *Smalbein ex rel. Est. of Smalbein v. City of Daytona Beach*, 353 F.3d 901, 905 (11th Cir. 2003) (quoting *Hewitt v. Helms,* 482 U.S. 755, 760 (1987)).

The parties here attended mediation on October 14, 2020 and they reached a settlement designating Plaintiffs as the prevailing party. That provision states that, notwithstanding separate provisions of the agreement, the parties stipulate that Plaintiffs are the prevailing party for the purpose of seeking fees and costs:

> Notwithstanding the provisions of Paragraphs 1, 10, and 14 of this Agreement, the Parties stipulate that [Plaintiffs are] deemed the

4

>prevailing party only for purposes of entitlement to attorney's fees and costs incurred a result of the action.

[D.E. 159 at 3]. Because the underlying contract designates Plaintiffs as the prevailing party and the parties agree and costs are recoverable, we consider each cost request in turn.

### B. *Filing Costs*

The first request is for $400 in filing costs. Defendants do not oppose this request in their response and for good reason because filing fees are obviously taxable under 28 U.S.C. § 1920(1). *See Goodman v. Sperduti Enterprises, Inc.*, 2009 WL 3200681, at *3 (S.D. Fla. Oct. 6, 2009) ("There is no question that Plaintiff is entitled to the cost of the filing fee because it falls into one of the categories of reimbursable costs under 28 U.S.C. § 1920[.]"). Thus, Plaintiffs' motion to recover $400 in filing costs should be **GRANTED**.

### C. *Process Server Costs*

The second request is for $2,815 in service of process costs.[3] Plaintiffs say that this amount includes costs for serving three corporate defendants with a summons/complaint and for serving subpoenas on witnesses. Defendants omit any mention of process server costs in their response and this suggests a lack of opposition to the amount sought. But, for the sake of completeness and correctness, we consider whether the amount sought is recoverable under 28 U.S.C. § 1920.

---

[3] This amount reflects $195 in costs for serving a summons/complaint and $2,620 in costs for serving subpoenas.

"Pursuant to [Section] 1920(1), fees of the clerk and marshal may be taxed as costs. This includes service of process costs." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 649 (S.D. Fla. 2007) (alteration and internal quotations marks omitted) (citing *EEOC v. W & O Inc.*, 213 F.3d 600, 623 (11th Cir. 2000)). "The Eleventh Circuit has held that private process server fees may be taxed under [S]ections 1920(1) and 1921, so long as the taxable costs of the private process server are limited to the statutory fees authorized by [S]ection 1921." *Flagstar Bank, FSB v. Hochstadt*, 2010 WL 1226112, at *9 (S.D. Fla. 2010) (footnote omitted) (citing *W&O*, 213 F.3d at 624). "This is currently $65 per person per hour for each item served, plus travel costs and any other out-of-pocket expenses." *Cont'l 332 Fund, LLC v. Hilz*, 2020 WL 6595061, at *3 (M.D. Fla. 2020) (citing 28 C.F.R. § 0.114(a)(3)). "[I]nvoices submitted to substantiate these expenses must 'provide sufficient or intelligible details as to what exactly was paid for.'" *Mid-Continent Cas. Co. v. JWN Constr., Inc.*, 2019 WL 8402872, at *3 (S.D. Fla. 2019) (alteration omitted) (quoting *Cortez v. Tom Thumb Food Stores, Inc.*, 2013 WL 12383258, at *4 (S.D. Fla. 2013)).

Here, the invoices reflect a cost of $65 for the service of each summons and complaint on three corporate defendants. This request is well founded because – as stated earlier – process server costs may not exceed the statutory limits set forth in 28 U.S.C. § 1921, *i.e.* the rate charged by the U.S. Marshal's Service. *W&O*, 213 F.3d at 624. And the costs incurred for the service of each summons and complaint

is $65. Thus, the motion for $195 in costs for the service of a complaint and summons on three defendants should be **GRANTED**.

A problem arises, however, with the request for $2,620 in costs for the service of subpoenas because the expenses range from $90 to $380 with no explanation for this variance. Plaintiffs also fail to explain why the amount sought is recoverable when subpoena costs cannot exceed the rate of the U.S. Marshal's Service. Plaintiffs instead provide details on the necessity of the subpoenas. That misses the mark because the issue is not simply the need for the service of each subpoena – although that is important – but the cost requested in the first place. And the cost to serve each subpoena cannot exceed $65. *See Primerica Life Ins. Co. v. Guerra*, 2017 WL 5713927, at *4 (S.D. Fla. 2017) ("As for the $1,030.00 fee for foreign process server fees, I recommend an award of $65.00 . . . because [the movant] failed to provide the Court with sufficient information to determine her entitlement to recover a greater amount."). So, given that Plaintiffs served 15 subpoenas and each is recoverable at a rate of $65, the motion should be **GRANTED in part** and **DENIED in part** with a sum of $975 in subpoena costs.

### D. *Printing Costs*

Next, Plaintiffs seek $49.95 in printing costs. *See* 28 U.S.C. § 1920 ("A judge or clerk of any court of the United States may tax as cost . . . [f]ees and disbursements for printing"). Defendants have no rebuttal to the request for printing costs and it appears that the amount sought is unopposed. In any event, based on the invoices attached to the motion and the arguments presented,

Plaintiffs have adequately shown that the printing costs incurred were necessarily obtained for use in this case. *See Oreilly v. Art of Freedom Inc.*, 2018 WL 6616445, at *7 (S.D. Fla. Dec. 14, 2018), *Report and Recommendation adopted*, 2019 WL 1115879 (S.D. Fla. Jan. 8, 2019) ("The party moving for costs has the burden to show that the copies for which reimbursement is sought were necessarily obtained for use in the case.") (citing *Diaz v. AIG Mktg., Inc.*, 2010 WL 2541872, at *4 (S.D. Fla. June 1, 2010), *report and recommendation adopted*, 2010 WL 2541111 (S.D. Fla. June 22, 2010)). The request for $49.95 in printing costs should therefore be **GRANTED**.

### E. *Hearing Transcripts*

The following category seeks $603.50 for hearing transcripts. Plaintiffs assert that these costs are recoverable because the parties participated in several discovery hearings and the transcripts were necessary to review the Court's legal reasoning. Plaintiffs also suggest that the transcripts were necessary to draft proposed orders and to resolve discovery disputes without judicial intervention. For these reasons, Plaintiffs conclude that the costs for hearing transcripts is reasonable and recoverable under 28 U.S.C. § 1920.

Section 1920 gives district courts the discretion on whether to tax hearing transcripts. *See* 28 U.S.C. § 1920(2) ("A judge or clerk of any court of the United States may tax as costs . . . fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."). The request here is well taken because "[w]here a Court's order or ruling on motions and discovery

matters refers to the record of pretrial and discovery hearings, transcript copies of the hearings are deemed reasonably necessary and are recoverable costs to the prevailing party." *Zokaites v. 3236 NE 5th St., Inc.,* Slip Copy, 2008 WL 4792451, *4–5 (S.D. Fla. Oct. 31, 2008) (citing *Maris Distrib. Co. v. Anheuser–Busch, Inc.,* 2001 WL 862642 (M.D. Fla. May 4, 2001)). Defendants have no response to this request and, based the lack of opposition and the necessity shown for these transcripts, the motion for $603.50 for hearing transcripts should be **GRANTED**.

### F. *Deposition Costs*

Turning to the next category, Plaintiffs seek a cost award of $27,781.30 for nine depositions because these were necessary in gathering facts in support of their allegations. Defendants oppose the costs requested because Plaintiffs seek reimbursement for three depositions – namely the testimony of James Greeley ("Mr. Greeley"), Lourdes Paredes ("Ms. Pardes"), and Jose Icardi ("Mr. Icardi") – that took place in a different case and that total approximately $6,954.91. Defendants argue that nothing in Section 1920 allows a prevailing party to recover costs incurred in a separate action and that Plaintiffs have no support for the relief requested.

Defendants also oppose $2,604.10 in costs for two additional deponents because the purpose of these depositions has nothing to do with the plaintiffs remaining in this case. Rather, Defendants say that these depositions relate almost entirely on whether to compel a separate group of plaintiffs to arbitration. [D.E. 153 at 6 ("[T]he depositions of Bradley Hayden and Frederic Nguyen relate solely to the Arbitration Plaintiffs' argument against Defendants' Motion to Stay and

9

Compel Arbitration and have nothing to do with Plaintiffs' issues as Plaintiffs were not subject to an arbitration agreement.")].[4] Defendants apply the same reasoning to the deposition of Robert Mellwig ("Mr. Mellwig") because at least half of his testimony concerns the arbitration plaintiffs. Thus, Defendants ask that $4,083.70 in costs for Mr. Mellwig's deposition be reduced by 50%.

Defendants' final objection is directed at two invoices seeking a reimbursement of $11,830.19 for video-recording depositions. Although the invoices fail to identify the name of each deponent, Defendants infer that the costs are for the depositions of Mr. Nguyen, Mr. Hayden, and Mr. Mellwig based on the dates that these individuals testified. But, given that the deposition costs for Mr. Nguyen and Mr. Haden should be excluded entirely for the reasons already stated and Mr. Mellwig's deposition should be reduced by half, Defendants conclude that the amount sought is excessive. Hence, Defendants propose that Plaintiffs' deposition costs be reduced from $27,781.30 to $10,312.15.

Taxation of deposition costs is authorized under § 1920(2). *See United States v. Kolesar,* 313 F.2d 835, 837–38 (5th Cir. 1963) ("Though 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the

---

[4] The two deponents include Bradley Hayden ("Mr. Hayden") and Frederic Nguyen ("Mr. Nguyen"). Mr. Hayden served at Defendants' Vice President of Finance-Hotels and testified as a 30(b)(6) representative. Defendants say that the arbitration plaintiffs noticed Mr. Hayden's deposition to understand more about the arbitration agreement, making it unclear how the costs of his deposition is recoverable for Plaintiffs. Defendants claim that the same reasoning applies to Mr. Nguyen's deposition because his testimony "relate[s] almost entirely to the Arbitration Plaintiffs' attempt to defeat Defendants' Motion to Stay and Compel Arbitration." [D.E. 153 at 6].

10

phrase 'stenographic transcript.'"). "[W]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Goodwall Const. Co. v. Beers Const. Co.,* 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *aff'd,* 991 F.2d 751 (Fed. Cir. 1993). The question of whether the costs for a deposition are taxable depends on the factual question of whether the deposition was wholly or partially "'necessarily obtained for use in the case.'" *Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. Unit B 1981) (quoting § 1920(2)).

The first issue is whether the depositions of Mr. Greeley, Mr. Icardi, and Ms. Paredes were obtained for the purposes of this case. Defendants claim that the depositions were taken in a separate action pending before Judge Gayles and that, as a result, the costs are not recoverable. *See Elba Mendez v. Beach Hotel Associates, LLC et al.*, Case No. 19-cv-23105 (the "*Mendez* case"). The confusion on whether these costs are recoverable is due to an agreement between the parties to take consolidated discovery in both matters to conserve time, costs, and resources. The reason the parties reached that agreement is because, while the plaintiff in the *Mendez* case is different, the allegations, defendants, and law firms are all the same. And Plaintiffs cross-noticed the depositions in both cases.

Neither party referenced a case that considers whether § 1920 allows for the recovery of deposition transcripts taken in connection with another case. But, this is not a question of first impression because "[n]othing in 28 U.S.C. § 1920 . . . requires 'that the deposition from which the transcript is made be taken in the

11

case[.]'" *Davis v. Williams*, 2010 WL 1955935, at *2 (S.D. Ga. May 13, 2010) (citing *Wood v. Green,* 2010 WL 1380154, at *2 (N.D. Fla. Mar.31, 2010). Instead, the statute permits a court to tax costs for any "transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). And the non-prevailing party bears the burden of showing that the cost of a particular deposition transcript was unnecessary. *See Caribbean I Owners' Ass'n, Inc. v. Great Am. Ins. Co. of N.Y.,* 2009 WL 2150903, at *3 (S.D. Ala. July 13, 2009) (citing *W & O,* 213 F.3d at 621; *Helms v. Wal–Mart Stores, Inc.,* 808 F. Supp. 1568, 1571 (N.D. Ga. 1992)).

Defendants have failed to make that showing because they rely entirely on a misguided reading of § 1920 when there is nothing in the statute that disallows costs solely because depositions are taken in a different action. *See Sprint Commc'ns Co., L.P. v. Time Warner Cable, Inc.*, 334 F.R.D. 443, 447 (D. Kan. 2019) ("The operative statute does not require that the transcripts be for proceedings in the instant case; rather, it requires only that they be 'necessarily obtained for use' in the instant case.") (citing authorities). While courts have denied costs for transcript in other cases, those decisions are based on determinations that the transcripts were unnecessary for the specifical circumstances in those cases. *See, e.g.*, *Ayala v. Rosales*, 2016 WL 2659553, at *7 (N.D. Ill. May 9, 2016) (obtaining transcript was merely convenient, not necessary); *Lockridge v. Per Mar Sec. & Research Corp.*, 2015 WL 1000689, at *1 (D. Minn. Mar. 5, 2015) (allowing costs for depositions in a separate case presents concerns; on the record before it, court could not conclude that the depositions were reasonably necessary for instant

12

litigation); *Thein v. Feather River Comm. Coll.*, 2013 WL 4012637, at *2 (E.D. Cal. Aug. 6, 2013) (party did not show how cases were related); *Coach, Inc. v. Siskiyou Buckle Co.*, 2012 WL 13055491, at *2 (D. Or. Oct. 30, 2012) (party did not explain why court transcripts in other case were necessarily obtained); *Pickett v. Tyson Fresh Meats, Inc.*, 2004 WL 3712721, at *4-5 (M.D. Ala. Aug. 3, 2004) (although obtaining transcript may have been prudent, it was not necessary for proper presentation of the case).

No such showing has been made here. That is, even if the depositions of Mr. Greeley, Mr. Icardi, and Ms. Paredes were technically obtained in the *Mendez* case, Defendants acknowledge that both actions are related and fail to show that they were unnecessary for the purposes of this case. The motion to recover the deposition costs of Mr. Greeley, Mr. Icardi, and Ms. Paredes should therefore be **GRANTED**.

The second issue is whether Plaintiffs should recover costs for the depositions of Mr. Hayden and Mr. Nguyen. Defendants rely primarily on the fact that the arbitration plaintiffs noticed Mr. Hayden's deposition as evidence that his testimony has no relevance to the four remaining plaintiffs. [D.E. 153 at 5 ("The fact that the deposition was noticed on behalf of the Arbitration Plaintiffs is dispositive of the fact that the issues raised in Mr. Hayden's deposition relate solely to the Arbitration Plaintiffs' issues regarding the arbitration agreement.")]. Defendants claim that a review of Mr. Nguyen's deposition transcript reveals the

same and that Plaintiffs cannot seek deposition costs for matters that have no connection to them.

The problem with this argument is that, while Defendants rely on assertions that the two depositions relate solely to arbitration-related matters, there is no reference to anything in the record to support this position. And the burden is on the party opposing taxation to demonstrate that a deposition was "not 'related to an issue which was present in the case at the time the deposition was taken.'" *W&O*, 213 F.3d at 622 (quoting *Independence Tube Corp. v. Copperweld Corp.,* 543 F. Supp. 706, 718 (N.D. Ill. 1982)); *George R. Hall, Inc. v. Superior Trucking Co.,* 532 F. Supp. 985, 994 (N.D. Ga. 1982) ("[A] deposition taken within the proper bounds of discovery . . . will normally be deemed to be 'necessarily obtained for use in the case' and its costs will be taxed unless the opposing party interposes a specific objection that the deposition was improperly taken or unduly prolonged.").

However, Defendants have come nowhere close to meeting that burden because they merely claim that the testimony provided is irrelevant and that the motion for costs should be denied. That is unavailing because "the costs of [a] deposition are taxable under § 1920 where no evidence shows that the deposition was unrelated to an issue in the case at the time it was taken." *Watson v. Lake Cty.*, 492 F. App'x 991, 996–97 (11th Cir. 2012) (citing *W&O*, 213 F.3d at 622). And that is precisely the circumstances here given Defendants' failure to support their argument. This is also the exact opposite of Plaintiffs' memoranda where they explained the importance of each deponent to matters outside of arbitration,

14

referenced specific documents and hearings to substantiate their position, and enumerated the topics discussed at each deposition. Because the record shows that the testimony of Mr. Hayden and Mr. Nguyen is relevant to matters beyond arbitration and Defendants offer nothing substantive in rebuttal, the motion to recover the costs of these depositions should be **GRANTED**.

The final issue concerns the deposition costs of Mr. Mellwig. Defendants say that 50% of his deposition costs should be reduced because "at least half of the issues in his deposition were related solely to the Arbitration Plaintiffs." [D.E. 153 at 6]. Yet, even if that assertion is true, Defendants fail to rely on any authority that allows a court to reduce a deposition cost by a proportion of what it deems necessary. The general rule is that "in determining whether the cost of a particular deposition is taxable, 'the district court must evaluate the facts of each case and determine whether all or any part of a copy of any or all of the depositions was necessarily obtained for use in the case.'" *McDaniel v. Bradshaw*, 2011 WL 6372788, at *2 (S.D. Fla. Dec. 20, 2011) (citing cases). But, Defendants concede that half of Mr. Mellwig's deposition was relevant to the issues remaining outside of arbitration. It is therefore unclear how Mr. Mellwig's deposition can be reduced by half when "the deposition must only appear to have been reasonably necessary at the time it was taken," and Defendants acknowledge that it meets that requirement. *AMG Trade & Distribution, LLC v. Nissan N. Am., Inc.*, 2021 WL 1146607, at *8 (S.D. Fla. Feb. 26, 2021), *Report and Recommendation adopted*, 2021 WL 1146352 (S.D. Fla. Mar. 25, 2021) (citing *W&O,* 213 F.3d at 620-

15

21). As such, Plaintiffs' motion to recover the costs of Mr. Mellwig's deposition should be **GRANTED**.[5]

### G. *Deposition Exhibits*

Plaintiffs seek $907 in costs for deposition exhibits. Defendants claim that these costs should be limited to $91 because some of the depositions are related entirely to the arbitration plaintiffs and the costs for Mr. Nguyen and Mr. Hayden are otherwise unrecoverable. This argument lacks merit for the reasons previously stated and a failure to present any substantive arguments. In addition, "the parties have equal knowledge of the basis for each deposition, unlike costs relating to photocopies," and that means "the non-prevailing party bears the burden of showing that specific deposition costs or a court report's fees was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1337 (S.D. Fla. 2009) (citations omitted). Since Defendants hang their hat solely on the inability to recover costs for the underlying depositions with no other reasons to deny the costs requested, Plaintiffs' motion to recover $907 for deposition exhibits should be **GRANTED**.

### H. *Interpreter Costs*

Plaintiffs' final request is for $15,508.26 in interpreter costs. Plaintiffs claim that three of them speak Creole as their primary language and that an interpreter

---

[5] Defendants' objection to the video-deposition costs of Mr. Nguyen, Mr. Hayden, and Mr. Mellwig fail for the same reasons with no need to give this argument any further consideration.

16

was essential to communicate with their lawyers and potential witnesses. Defendants oppose the amount requested because it reflects an unnecessary use of an interpreter. Defendant focus, for instance, on the 70 witness interviews that Plaintiffs conducted and the 80 hours of time billed. Defendants also accuse Plaintiffs of attempting to recover costs that are outside the scope of their prevailing party status because the latter fails to differentiate the costs incurred for the benefit of this case vis-à-vis the plaintiffs in arbitration. Because a recovery for all nineteen plaintiffs cannot stand and the amount requested raises the risk of a double recovery, Defendants ask that the Court substantially reduce the interpreter costs to $4,473.26.

Under 28 U.S.C. § 1920(6), a prevailing party may tax costs for the "[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title." The problem here is that Plaintiffs fail to explain with any specificity how their interpreter costs are reasonable. Plaintiffs merely say that, due to a language barrier, interpreters were needed for communication purposes and that this equals $15,508.26. That is not compelling because it sidesteps the question of reasonableness and ignores the principle that "[t]he party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008). Yet, based on the

17

fleeting remarks presented in the motion and the exhibit attached thereto, there is no specific explanation as to how of these interpreter costs are recoverable.[6] The exhibit is equally unhelpful because – while it provides the date that the interpreter rendered services – the descriptions are effectively meaningless. The description only lists an individual's name with no explanation as to what service the interpreter performed and the motion does nothing to dispel the confusion.

The lack of clarity raises a separate question of whether any of these costs are recoverable because in *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012), the Supreme Court held that an interpreter is "someone who translates orally from one language to another" and, therefore, "the category 'compensation of interpreters' in § 1920(6) does not include costs for document translation." *Taniguchi,* 566 U.S. at 574; *see also MKT Reps S.A. De C.V. v. Standard Chartered Bank Intern. (Americas) Ltd.,* 2013 WL 1289261, at *4 (S.D. Fla. Mar. 28, 2013) (concluding that 28 U.S.C. § 1920(6) allows the award of costs for interpretation of live testimony, but not for the translation of written documents). But, it is impossible to determine here whether the interpreter translated oral statements or documents.

We are therefore left with a record that is, in many respects, incomplete and where the undersigned cannot meaningfully determine whether the costs incurred

---

[6] Plaintiffs attempted to rescue their motion for interpreter costs in their reply with references to specific invoices. Yet, arguments raised for the first time in a reply brief need not be considered. *See Hall v. Coram Healthcare Corp.,* 157 F.3d 1286, 1290 (11th Cir.1998) (stating that "[a]rguments raised for the first time in a reply brief are not properly before this court"). And even if we relaxed that principle, it would not do much good here because the reply is devoid of the necessary specifics that enable the Court to determine the costs incurred and the services the interpreter rendered.

18

are recoverable under 28 U.S.C. § 1920(6). But, given that Defendants admit that Plaintiffs are at least entitled to some relief and the former approximates that amount to be $4,473.26, Plaintiffs' motion for interpreter costs should be **GRANTED in part** and **DENIED in part** with a recovery for this agreed upon amount.

## IV. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiffs' motion for costs [D.E. 148] be **GRANTED in part** and **DENIED in part**:

A.  Plaintiffs should recover $400 in filing costs, $195 for the service of complaints and summons, $975 for the service of subpoenas, $49.95 for printing, $603.50 for hearing transcripts, $27,781.30 for depositions, $907 for deposition exhibits, and $4,473.26 for interpreters.

B.  Plaintiffs should recover a total cost award of $35,385.01.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to order the parties to have **seven (7) days** from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017

WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

    **DONE AND SUBMITTED** in Chambers at Miami, Florida, this 10th day of September, 2021.

                                                    */s/ Edwin G. Torres*
                                                    EDWIN G. TORRES
                                                    United States Magistrate Judge