**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 19-23961-Civ-SCOLA/TORRES

DECEIDE GUSTAVE, ET AL.,

     Plaintiffs,

v.

SBE ENT HOLDINGS, LLC et al.,

     Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR**
**SUPPLEMENTAL FINAL JUDGMENT AWARDING PRE-JUDGMENT**
**INTEREST ON FEES AWARD, AND ADDITIONAL ATTORNEYS' FEES**

This matter is before the Court on Larry Nelson's, Terencius Delphin's, Camereze Saint Fort's, and Lucienne Victor's (collectively, "Plaintiffs") motion for supplemental final judgment against SBE ENT Holdings, et al. ("Defendants"). [D.E. 188].[1] Defendants responded to Plaintiffs' motion on February 2, 2022 [D.E. 189], to which Plaintiffs replied on February 23, 2022. [D.E. 196]. Therefore, Plaintiffs' motion is now ripe for disposition. After careful consideration of the motion, response, reply, relevant authority, and for the reasons discussed below, the Court **RECOMMENDS** that Plaintiffs' motion should be **GRANTED in part and DENIED in part**.

_____

[1] This motion was filed on January 19, 2022. [D.E. 188].

## I.     BACKGROUND

On September 24, 2019, nineteen former employees of the Delano Hotel filed a complaint alleging that Defendants discriminated against them. The complaint includes allegations, among others, that Defendants discriminated based on color, race, and national origin in violation of Title VII of the Civil Rights Act, age in violation of the Age Discrimination in Employment Act, unlawful employment practices in violation of the Florida Unlawful Employment Practices Act ("FUEPA"), retaliation, and hostile work environment. After filing this action, the Court compelled fifteen plaintiffs to arbitration. The four remaining plaintiffs later resolved their claims during mediation on October 14, 2020.   The parties successfully concluded mediation by filing a joint stipulation of dismissal under Federal Rule 41(a)(1)(ii) on December 14, 2020, that preserved these plaintiffs' motion to seek fees and costs as prevailing parties. [D.E. 136]

Judge Scola entered the final Order of Dismissal on December 18, 2020, dismissing the case with prejudice. [D.E. 138]. Judge Scola specifically adjudicated that "[t]he Settled Plaintiffs are deemed the prevailing party on their claims for purposes of entitlement to an award of their reasonable attorneys' fees" and that the parties should "comply with Local Rule 7.3 governing attorneys' fees proceedings in determining the reasonable amount of Settled Plaintiffs' attorneys' fees and costs." *Id.*; [D.E. 182 at 4–5]. Following this order, Plaintiffs filed their Bill of Costs and

Memorandum in Support of Bill of Costs on January 26, 2021. [D.E. 148]; [D.E. 149].[2] Likewise, Plaintiffs filed a motion and memorandum in support of Attorney's Fees on March 17, 2021. [D.E. 159].[3] On September 7 and 10, 2021, this Court issued Report and Recommendations on Plaintiffs' motions for fees, [D.E. 182] ("Fee Award"), and costs, [D.E. 183] ("Cost Award"). Judge Scola adopted the Fee and Cost Awards in full on September 16, 2021, [D.E. 184], and September 27, 2021, [D.E. 185].

Plaintiffs sought $389,302.50 in attorney's fees, but the Fee Award only granted $225,590 after declining a contingency fee multiplier, reducing some of the attorneys' hourly rates, and reducing the fee by thirty percent for excessive hours expended. [D.E. 182 at 17–23]. Likewise, Plaintiffs sought $48,065.01 in costs, but the Cost Award only granted $35,385.01, which reduction related to excessive interpreter costs. [D.E. 183 at 16–19].

On September 27, 2021, Judge Scola ordered the parties to "meaningfully confer and reach an agreement regarding the date by which payment must be made" [D.E. 184]. The parties commenced the conferral process on October 1, 2021, ultimately ending with Defendants paying the Fee and Cost Awards a month later,

---

[2] Plaintiffs were granted an unopposed motion for an extension of time to file the Bill of Costs. [D.E. 145]; [D.E. 146]. Defendants filed a timely response in opposition on February 23, 2021, [D.E. 153], to which Plaintiffs filed a reply on March 12, 2021. [D.E. 156].

[3] Both Defendants and Plaintiffs were granted several unopposed motions for extension of time to file the initial motion, response, and reply. [D.E. 157]; [D.E. 171]; [D.E. 176]. Nonetheless, Plaintiff's reply was ultimately filed on July 15, 2021. [D.E. 181].

on November 16, 2021. [D.E. 188 at 4–6]; [D.E. 189 at 4–6]; [D.E. 196 at 3–6]. Nevertheless, this motion followed.

## II.    ANALYSIS

Plaintiffs seek an amendment to the Fee Award in the form of pre-judgment interest and supplemental attorney's fees. [D.E. 188]; [D.E. 196]. Plaintiffs request an award of $9,948.02 in pre-judgment interest on the Fee Award that allegedly accrued from the December 18, 2020, Order of Dismissal until the ultimate payment day, November 16, 2021. [D.E. 188 at 6]. Plaintiffs separately request an additional $8,345 in attorney's fees for litigating this issue plus entitlement to the Fee and Cost Awards. [D.E. 188 at 11–14].

To assess these claims, we must first determine whether Plaintiffs are seeking pre- or post-judgment interest on attorney's fees in light of the procedural posture. [D.E. 189 at 7–10]; [D.E. 196 at 1–2]. After determining what type of interest Plaintiffs seek, we must then assess the procedural challenges to this motion. [D.E. 189 at 6–7]; [D.E. 196 at 3–6]. Lastly, we will discuss the merits of Plaintiffs' alleged entitlement to supplemental attorney fees and interest. [D.E. 189 at 13–20]; [D.E. 196 at 7–10].

### A.    *Pre- or Post-Judgment Interest*

In the motion for supplemental final judgment, Plaintiffs allege that they are entitled to pre-judgment interest on attorney's fees based on Florida state law. [D.E. 188]. But Defendants object because Plaintiffs are really seeking post-judgment interest (governed by federal law) instead of pre-judgment interest. [D.E. 189]; *see* 28

4

U.S.C.A. § 1961.  Defendants' position is well taken.

"[A]wards of pre-judgment interest are equitable remedies, to be awarded or not awarded in the district court's sound discretion." *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998). "That decision is usually guided by principles of reasonableness and fairness, by relevant state law, and by the relevant fifty-two week United States Treasury bond rate, which is the rate that federal courts must use in awarding post-judgment interest." *Id.*

*Lexow* illustrates the difference between pre- and post-judgment interest. *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 571–572 (11th Cir. 1991).  The district court in *Lexow* applied Florida state law to calculate a pre-judgment interest award.[4] *Id.* at 571. The district court reasoned that the plaintiff was entitled to pre-judgment interest from the time his insurance company received the disputed $100,000 until the plaintiff received a favorable judgment for that amount. *Id.* Following a bench trial, the district court granted the plaintiff a $100,000 damage award, 12% pre-judgment interest on that award, and entitlement to pursue costs and attorney's fees. *Id.*

On appeal, the Defendants challenged whether the district court abused its discretion in awarding the plaintiff pre-judgment interest. *Id.* at 571–572. The

---

[4] In diversity cases, this Circuit has ruled that pre-judgment interest is a question of state law. *Venn v. St. Paul Fire & Marines Ins. Co.*, 99 F. 3d 1058, 1066 (11th Cir. 1996); *Lexow*, 937 F. 2d at 571; *Royster Co. v. Union Carbide Corp.*, 737 F. 2d 941, 948–49 (11th Cir. 1984); *Alhassid v. Nationstar Mortg., LLC*, 2016 WL 944260, at *1 (S.D. Fla. Sept. 2, 2016), *aff'd sub nom. Alhassid v. Bank of Am., N.A.*, 688 F. App'x 753 (11th Cir. 2017); *TYR Tactical, LLC v. Protective Prod. Enterprises, LLC*, 2018 WL 2672391 at *2 (S.D. Fla. June 5, 2018).

Eleventh Circuit found that Florida state law was correctly applied to determine the pre-judgment interest award. *Id.* at 572. The Court stated, "[i]n Florida, prejudgment interest is an element of compensatory damages and, 'when a verdict liquidates damages on a plaintiff's out-of-pocket, pecuniary losses, plaintiff is entitled, as a matter of law, to prejudgment interest at the statutory rate from the date of that loss." *Id.* (quoting *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985).[5] The *Lexow* plaintiff had to litigate its entitlement to the $100,000 verdict while the defendants earned interest on those funds; this was a clearly defined "wrongful deprivation of property" that required prejudgment interest to make the plaintiff whole. 937 F. 2d at 571–72; *see, e.g.*, *Crockett v. State Farm Fire & Casualty Co.*, 849 F. 2d 1369, 1371–72 (11th Cir. 1988) (awarding prejudgment interest for the Defendants' failure to pay the plaintiff's insurance claim directly); *Arizona Chem. Co., LLC v. Mohawk Indus., Inc.*, 197 So. 3d 99, 102–05 (Fla. 1st DCA 2016) ("[W]hen prejudgment interest is proper, it is to be awarded from the date of the plaintiff's actual loss[.]"); *Gencor Indus., Inc. v. Fireman's Fund Ins. Co.*, 988 So. 2d 1206, 1210 (Fla. 5th DCA 2008) ("[W]e believe . . . that the trial court correctly calculated prejudgment interest from the date of [the prevailing party's] loss[.]").

Despite Florida's general rule concerning the calculation of prejudgment interest and its non-discretionary nature, this "rule is not absolute." *Broward Cnty. v. Finlyason*, 555 So. 2d 1211, 1213 (Fla. 1990) (citing *Flack v. Graham*, 461 So. 2d

---

[5] This method of calculating prejudgment interest is called the "loss theory." *Argonaut*, 474 So. 2d at 215.

82, 84 (Fla. 1984)). "'[I]nterest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable.'" *Finlayson*, 555 So. 2d at 1213 (quoting *Flack*, 461 So. 2d at 84). Accordingly, Florida Law dictates that prevailing parties can waive their right to pursue prejudgment interest. *Volkswagen of Am., Inc. v. Smith*, 690 So. 2d 1328, 1331 (Fla. 1st DCA 1997) (citing *Redfield v. Ystalyfera Iron Co.*, 110 U.S. 174, 176 (1884) (disallowing prejudgment interest on a claim because the claimant had unreasonably delayed prosecution); *General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 657 (1983) (acknowledging it would be proper to reduce or deny prejudgment interest if there had been an undue delay in the lawsuit)).

As to how the "loss theory" pertains to prejudgment interest on attorney's fees in Florida, prejudgment interest is "only awardable once there was an appropriate basis for awarding the interest." *Burton Fam. P'ship v. Luani Plaza, Inc.*, 276 So. 3d 920, 924 (Fla. 3d DCA 2019) (concluding the date of loss for awarding prejudgment interest on attorney's fees was the entry of the amended final judgment awarding attorney's fees); *see, e.g., Quality Engineered Installation, Inc. v. Higley S., Inc.*, 670 So. 2d 929, 930–31 (Fla. 1996) (awarding prejudgment interest on attorney's fees for a settled contract dispute that required several years of litigation to determine the fee award); *Lee v. Wells Fargo Armored Servs.*, 707 So. 2d 700 (Fla. 1998) (declining to extend prejudgment interest on attorney's fees for a Worker's Compensation claim).

Turning to the post-judgment interest issue, *Lexow* discussed the plaintiff's request for post-judgment interest and how it differed from the pre-judgment interest request. *Id.* at 572 n. 4. *Lexow* relied on earlier Eleventh Circuit precedent to show that:

> [p]ost-judgment interest can hardly be considered part of an award for compensation on a claim. However, a successful claimant is theoretically entitled to receive the compensation on the date of entry of the judgment; in practice this is not feasible, and post-judgment interest serves to reimburse the claimant for not having received the money in hand on that day . . . This is to be distinguished from pre-judgment interest, which forms part of the actual amount of a judgment on a claim.

*Id.* (quoting *FIGA v. R.V.M.P. Corp.*, 874 F.2d 1528, 1533 (11th Cir. 1989)). *Lexow* ultimately held that the plaintiff was also entitled to post-judgment interest from the date of the initial judgment. *Id.* (citing *Bank S. Leasing, Inc. v. Williams*, 778 F.2d 704, 706 (11th Cir. 1985) ("Bank South was entitled to post-judgment interest on the entire award, including the punitive damages, from the date of the original judgment.")).

The relevant federal interest statute is 28 U.S.C. § 1961. This statute dictates that "interest *shall* be calculated from the date of the entry of the judgment, at a rate . . . published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." § 1961 (emphasis added). Section 1961 typically pertains to post-judgment interest and does not mention nor explicitly forbid pre-judgment interest. Even so, many federal courts exercise discretion over which interest rate to apply when "the controlling statutes are silent regarding the

manner of computing prejudgment interest. *See Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1328–29 (S.D. Fla. 2009) (ruling that Florida state pre-judgment law applied because the "controlling federal statute" did not specify how to compute); *Smith v. Am. Int'l Life Assur. Co. of New York*, 50 F.3d 956, 958 (11th Cir. 1995) ("Because district courts have discretion in determining pre-judgment interest rates, we hold that district courts are not required to use section 1961(a) in computing such interest."); *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1331 (8th Cir. 1995) (concluding that the section 1961 rate would apply to both pre- and post-judgment interest); *Jarvis v. Johnson*, 668 F.2d 740 (3rd Cir. 1982) (using Pennsylvania state law to calculate pre-judgment interest in a diversity case).

In this case, Plaintiffs are seeking 5.37% per annum ($33.18 per diem) for the period of December 18 (entitlement to pursue attorney's fees) through December 31, 2020, and 4.81% ($29.72 per diem) for the time of January 1 through November 16, 2021 (the payment date). [D.E. 188 at 6]. Plaintiffs maintain that this interest is pre-judgment interest because "no judgment was ever entered." [D.E. 196 at 2]. This follows from the parties successfully adjudicated their claims in mediation, and Plaintiffs viewed the entitlement to pursue attorney's fees as the starting point for pre-judgment interest.

But Plaintiffs miss the point. There are two primary reasons. Plaintiffs are in actuality seeking *post-judgment* interest rather than pre-judgment interest. First, Plaintiffs argue according to Defendants' "bad-faith" practices and stalling mechanisms, which closely mirrors the purpose of post-judgment interest. Second,

Plaintiffs rely on several diversity cases in which federal courts applied Florida pre-judgment interest to fee awards. Nonetheless, the present case has uniquely distinctive facts and is predominantly a federal question case. And, even if we considered applying Florida law, the facts of the case vastly differ from how Florida courts typically employ pre-judgment interest law.

Expanding on the first basis, Plaintiffs ask this court to impute interest for Defendants' "bad faith" encumbrance of the final payment of fees and costs and the "conferral process." In addition, Plaintiffs argue that the sanctity and intellectual honesty of the conferral process must be protected with this interest award. Nevertheless, as *Lexow* explained, interest for failure to pay upon the date of an entry of judgment is post-judgment interest concern. Pre-judgment interest is simply a compensatory mechanism used to make prevailing parties whole for the underlying injury and is supposed to be a penalty. Hence Plaintiffs are confusing their initial entitlement to pursue attorney's fees as the date of loss to calculate prejudgment interest. The only "loss" Plaintiffs' attorneys suffered was from the district court's adoption of the Fee and Costs Awards until Plaintiffs received payment about a month later. Until that point, the parties litigated over how Plaintiffs' fees and costs should be calculated.  Plus, importantly, Plaintiffs did not reference tacking on interest to the Fee Award until after judgment had been awarded.

Whether or not federal or state pre-judgment interest law applies, the present case falls within the *Lexow* court's post-judgment interest analysis. Pre-judgment interest is meant to be a part of the damage award, while Plaintiffs ask this court to

impute interest for a payment delay of "333 intermediate days." Even assuming Defendants delayed the conferral and payment process in bad faith, Plaintiffs filed similar extensions of time to postpone the Fee Award process, all while failing to provide notice of their intent to pursue interest. Plaintiffs even frame this interest as a "supplementary" or additional award flowing from Defendants' bad faith practices. Therefore, Plaintiffs' motives and the type of interest they seek more closely mirror that of post-judgment interest outlined in *Lexow*.

Moreover, Plaintiffs incorrectly cite Florida pre-judgment interest law to their federal question case. Plaintiffs accurately state that district courts have the discretion to apply whichever interest rate they choose. In addition, Plaintiffs allege twelve counts, of which only one arises out of Florida state law. Following this supplementary state law claim, Plaintiffs argue that Florida's "non-discretionary, ministerial" pre-judgment interest is the most applicable law in this situation. Plaintiffs also provided several district court cases showing the use of Florida pre-judgment interest law in federal cases; however, these were diversity cases with state law implications. These cases are inapposite to determine whether federal or state law applies in this federal question case.

Likewise, the fact that Plaintiffs' supplemental state law claim arises under the Florida's Unlawful Employment Practices Act ("FUEPA") does not automatically entitle them to Florida pre-judgment interest. *See* [D.E. 188 at 1, 9–11]. Florida Statutes 760.11(5), the clause concerning the prevailing party's right to pursue attorney's fees and costs, dictates that the law involving attorney's fees should "be

interpreted in a manner consistent with federal case law involving a Title VII action." Fla. Stat. § 760.11(5). This supplemental state law claim thus points this court to federal Title VII law, which does not mention pre- or post-judgment interest. Accordingly, in the discretion of this court to decide which interest rate applies, we find that the federal interest rate for post-judgment interest under Section 1961 is the most applicable to a case with eleven federal causes of action and federal law implications.

Lastly, the circumstances of the current case vastly differ from how Florida pre-judgment interest typically applies. No doubt Plaintiffs sought Florida pre-judgment interest for its non-discretionary application, but the cases Plaintiffs provide are different in material ways. *See, e.g.*, *TYR Tactical*, 2018 WL 2672391 at *1–*3; *Mariposa*, 2018 WL 4208251 at *1–*2; *Quality Engineered*, 670 So. 2d at 930–31. These were primarily cases in diversity in which Florida law automatically applied. Also, these were cases with favorable trial or summary judgment awards that entitled the parties to attorney's fees on the date of the judgment. *See TYR Tactical*, 2018 WL 2672391 at *1 ("Plaintiff objects to the addition of pre-judgment interest and instead argues that Defendants are entitled only to post-judgment interest from the date of [summary] judgment . . . as provided in 28 U.S.C. § 1961."); *Mariposa*, 2018 WL 4208251 at *1 ("[The defendants] became the prevailing party when this Court granted [the defendants]' Motion for Summary Judgment."); *Quality Engineered*, 670 So. 2d at 930 (involving a trial court's award of attorney's fees with interest). Our case is vastly different, considering it was settled early in the litigation

12

process and did not liquidate a fee or cost award at the time of the case's dismissal.

In addition, the *TYR* Court, applying both federal and state law, found that the defendants were "entitled to prejudgment interest on their award of attorney's fees and post-judgment interest on their award of costs from [the date of summary judgment] to [the payment date]." 2018 WL 2672391 at *3. Because this was a case in diversity, and Florida pre-judgment interest only applied to attorney's fees, the Court used federal post-judgment interest for the same period to add to the cost award. *Id.* In our discretion, federal law is most applicable in this case, lending itself to post-judgment interest instead of state pre-judgment interest. Further, Plaintiffs provide that the "purpose of awarding prejudgment interest under Title VII and the ADEA is to compensate victims both for the time value of lost money as well as for the effects of inflation." [D.E. 188 at 7]. It is not clear how Plaintiffs' attorneys in this case suffered losses as victims or to inflation. Plaintiffs, once deemed the prevailing party to pursue attorney's fees, had an obligation to pursue their fees and costs promptly but instead chose to file several extensions of time, delaying the process.[6] The "final judgment," or the Order of Dismissal, did not signify a date of loss or entitle Plaintiffs' attorneys to pursue interest in any form.

As a result, Plaintiffs are, in fact, seeking post-judgment interest governed by federal statute Section 1961. Despite Plaintiffs' misnomer, they can still recover relief

---

[6] Importantly, parties can waive their right to pursue pre-judgment interest for unreasonably delaying prosecution under both Florida and federal law. This was not a delay in prosecution but Plaintiffs did file *three* unopposed motions for extension of time to file reply related to the Fee Award. [D.E. 180].

for post-judgment interest on the Fee award. "As the use of the word 'shall' suggests, an award of post-judgment interest under this statute is mandatory, not discretionary." *Doe A-1 v. Democratic People's Republic of Korea*, 2021 WL 723257 at *9 (D.D.C. Feb. 24, 2021) (citations omitted). Thus, the calculation of post-judgment interest is not a discretionary mechanism but a ministerial calculation that will be added onto the Fee Award.

### B. *Procedural Challenges*

As a separate matter, Defendants challenge the timeliness of Plaintiffs' motion for supplemental final judgment in that it violates Local Rule 7.3(a)(1) and Federal Rule of Civil Procedure 59(e). [D.E. 189 at 6–7, 10–13]. Plaintiffs state they filed this motion pursuant to Federal Rule of Civil Procedure 58, although the motion is titled "supplementary final judgment." [D.E. 188 at 1]. The Supreme Court in *Osterneck* ruled that "postjudgment motions for discretionary prejudgment interest constitutes a motion to alter or amend the judgment under Rule 59(e)." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989); *see Crowe v. Bolduc*, 365 F.3d 86, 91 (1st Cir. 2004) (applying *Osterneck* for the proposition that "a motion to augment a previously entered judgment by adding discretionary prejudgment interest is properly classified as a motion to alter or amend the judgment, and, thus, must be brought under Rule 59(e)"). A Rule 59(e) motion "must be filed no later than 28 days after the entry of the judgment."

On the other hand, Plaintiffs seek supplemental attorney's fees aside from their interest request. It is well settled that Rule 59(e) does not apply to

"postjudgment fee requests." *White v. New Hampshire Dep't of Emp. Sec.*, 455 U.S. 445, 451–54 (1982); *see United States v. Eleven Vehicles, Their Equip. & Accessories*, 200 F.3d 203, 208 (3rd Cir. 2000) (applying *White* for the proposition that "a motion for supplemental attorney fees is not a Rule 59(e) motion"); *Gordon v. Heimann*, 715 F.2d 531, 536–39 (11th Cir. 1983) (same). *White* reasoned that Rule 59(e) did not control a request for attorney's fees because these requests do not typically involve reconsidering the merits. *White*, 455 U.S. at 451. Also, *White* stated that motions for attorney's fees do not imply a change in judgment, and using Rule 59(e) as the vehicle for this motion "could yield harsh and unintended consequences." *Id.* at 453–54. Thus, Rule 54 and our Local Rule 7.3 apply to Plaintiffs' request for supplemental or additional attorney's fees. *See* Fed. R. Civ. P. 54(d)(1)(A)–(D); S.D. Fla. L.R. 7.3(a).

Rule 54(d)(2)(B)(i) and Rule 54(d)(2)(D) dictate that local rules can "establish special procedures to resolve fee-related issues without extensive evidentiary hearings." Local Rule 7.3(a) provides special procedures modifying the federal rules and provides a more lenient path for prevailing parties to seek attorney's fees. Local Rule 7.3(a)(1) increases the date of entry from "14 days after the entry of judgment," Fed. R. Civ. P. 54(d)(2)(B)(i), to "sixty (60) days" after entry of "final judgment or order giving rise to the claim." Failing to comply with Local Rule 7.3 has consistently led to denying a movant's motion for attorney's fees. *See Cohen v. Carnival Cruise Lines, Inc.*, 782 F.2d 923, 924 (11th Cir. 1986) ("[L]ocal rules are valid and binding on the parties[.]"); *Peasley v. Armstrong World Indus., Inc.*, 128 F.R.D. 681, 682 (S.D. Fla. 1989) (stating that local rules "have the force and effect of law, and are binding upon

the parties and the court which promulgated them") (internal citations omitted); *Norych v. Admiral Ins. Co.*, 2010 WL 2557502 at *2 (S.D. Fla. 2010) (denying the party's motion for attorney's fees because the party failed to comply with Local Rules 7.3(a)(1) and 7.3(b)). Additionally, the Eleventh Circuit agrees that a violation of Local Rule 7.3 alone is a sufficient reason to deny a party's motion for attorney's fees. *See J.B. Hunt Transp., Inc. v. S&D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014) ("Because the district court held that J.B. Hunt failed to comply with Local Rule 7.3, which constituted an independently sufficient basis to deny J.B. Hunt's motions, we affirm."); *Lira v. Essentia Ins. Co.*, 861 F. App'x 374, 377–78 (11th Cir. 2021) (affirming district court's denial of an attorney's fees award for failure to comply with the sixty-day 7.3(a)(1) requirement).

While there is uncertainty regarding the interplay of Rules 59(e) and 54, whichever law applies makes no difference considering Plaintiffs filed this motion in an untimely manner no matter how you look at it. Plaintiffs filed this motion on January 19, 2022. This is 397 days from the final judgment Order of Dismissal, 125 days from Judge Scola's adoption of the Fee Award, and 64 days from the payment date. Whether the 28-day Rule 59(e) or 60-day 7.3(a)(1) deadline governs is inconsequential because the requested relief is untimely either way. To make matters worse, Plaintiffs litigated over attorney's fees over an eight-to-nine-month period but did not mention interest to the court until after the payment date. Specifically, concerning Plaintiffs' request for additional attorney's fees, both parties were equally responsible for the delays in the attorney's fees and litigation costs. This Court

granted the parties multiple unopposed extensions of time to file the motions, responses, and replies. *See* [D.E. 146]; [D.E. 155]; [D.E. 158]; [D.E. 177]; [D.E. 180] (paperless order granting Plaintiffs' *third* motion for extension of time to file reply). Thus, any additional fees or costs incurred were partially caused by Plaintiffs' delay in completing the process.

Further, Plaintiffs blew past the 60-day mark for attorney's fees under Local 7.3. Like their argument concerning post-judgment interest, Plaintiffs resort to the theory that there was no "final judgment" to trigger the 60-day deadline. [D.E. 196 at 4]. However, Plaintiffs misinterpret Rule 7.3 and ignore the phrase "order giving rise to the claim." *Id.* By that measure, a motion for supplemental fees or interest should have been filed earlier.  Plaintiffs nevertheless argue that there was no final judgment even though the Rule clearly governs *any* order that would give rise to a claim for attorney's fees. The Order of Dismissal allowed Plaintiffs to seek initial attorney's fees, just as Judge Scola's adoption of the Fee Award triggered Plaintiffs' right to pursue supplementary fees. Plaintiffs filed this motion 125 days after Judge Scola adopted the Fee award, and thus, Plaintiffs clearly violate Local Rule 7.3(a)(1). Therefore, Plaintiffs' request for $8,345  for  "supplementary" or additional attorney's fees should be **DENIED** on that basis as well.

In light of the Court's broad discretion and the ministerial nature of Section 1961 interest awards, we will still determine an accurate post-judgment interest award.

**C.      _Calculation of Post-Judgment Interest_**

Because Plaintiffs are seeking post-judgment interest and are not entitled to supplementary attorney's fees, we turn to whether Plaintiffs are entitled to post-judgment interest on the Fee Award. Plaintiffs seek post-judgment interest from the date the District Court entered the Final Order of Dismissal, December 18, 2020, until they received payment, November 16, 2021. As previously stated, Section 1961 is the operating statute for calculating interest in federal cases.  Although the circuits are split when post-judgment interest begins accruing to calculate interest on a fee award, most circuits hold that interest begins accruing upon the entry of the merits judgment. *See, e.g.*, *BankAtlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045 (11th Cir. 1994) ("Supreme Court and this circuit's precedent is clear: When a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.") (internal quotation marks omitted); *SEB S.A. v. Sunbeam Corp.*, 476 F.3d 1317, 1320–21 (11th Cir. 2007) ("The importance of *Argonaut Insurance and Bel-Bel* is that prejudgment interest accrues until the date of the judgment after which postjudgment interest begins to accrue."); *Art Midwest, Inc. v. Clapper*, 805 F.3d 611, 615–17 (5th Cir. 2015) (holding that post-judgment interest should be calculated from the date of the first merits judgment); *Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 494–95 (6th Cir. 2001) ("We believe that the language of § 1961(a) permits the interest to run on an fee award from the time of entry of the judgment which . . . entitles the prevailing party to reasonable attorney fees."); *see also Kaiser Aluminum & Chemical Corp. v. Bonjorno*,

18

494 U.S. 827, 835 (1990) (awarding post-judgment interest, but not on an attorney's fee award); Martin A. Schwartz & John E. Kirklin, Section 1983 Litigation Statutory Attorney's Fees, § 8.09 INTEREST ON FEE AWARD (4th ed. Supp. 2022).

Accordingly, it is proper to calculate post-judgment interest from the date of the "merits judgment" that entitled Plaintiffs to pursue attorney fees and costs. Judge Scola's Order of Dismissal and recognition of the Rule 41(a)(1)(A)(ii) Voluntary Dismissal served as the date of fees and cost entitlement and is a "final judgment" to calculate post-judgment interest. [D.E. 138] ("[T]he Settled Plaintiffs are deemed the prevailing party on their claims for purposes of entitlement to an award of their reasonable attorneys' fees[.]"); *Riley v. Kennedy*, 553 U.S. 406, 419 (2008) ("A final judgment is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)); *Schmier v. McDonald's LLC*, 569 F.3d 1240, 1242 (10th Cir. 2009) ("A voluntary dismissal with prejudice operates as a final adjudication on the merits . . . and is thus a final judgment[.]") (quoting another source *Warfield v. AlliedSignal TBS Holdings, Inc.*, 267 F.3d 538, 542 (6th Cir. 2001); *Randall v. Merrill Lynch*, 820 F.2d 1317, 1320 (D.C. Cir. 1987)); *Love v. Wal-Mart Stores, Inc.*, 865 F. 3d 1322 (11th Cir. 2017) (determining whether a notice of appeal was timely filed after the final judgment of a Rule 41(a)(1)(A)(ii) voluntary dismissal with prejudice).

Thus, December 18, 2020, is the "date of the entry of judgment" to calculate interest. Section 1961 states, "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity

Treasury yield . . . for the calendar week preceding the date of the judgment . . . Interest shall be computed daily to the date of payment." § 1961(a)–(b). The applicable rate from the prior week preceding the date of December 18, 2020, order is 0.1%. *See* https://fred.stlouisfed.org/series/DGS1. So, to calculate fees under section 1961, we must multiply the fee amount by the annual interest rate, divide that amount by 365, and multiply that subsequent amount by the 333-day accrual period: December 18, 2020, until November 16, 2021 ($225,590 x 0.001 = $225.59; $225.59 / 365 = $0.618 per diem; $0.618 per diem x 333 days = $205.81). This is a far cry from the requested $9,948.02 but is a more accurate calculation of federal post-judgment interest.

Accordingly, Plaintiffs' motion for supplemental final judgment awarding post-judgment interest for attorney's fees should be **GRANTED in part** for an award of $205.81.

### III.    CONCLUSION

For the foregoing reasons, we **RECOMMEND** Plaintiffs' motion for supplemental judgment should be **GRANTED in part** and **DENIED in part** with a total supplemental recovery of $205.81. [D.E. 188].   Any other interest or fees requested in the motion should be Denied.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the Court finds good cause to order the parties to have seven (7) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report

and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell*, 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security*, 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida this 29th day of August, 2022.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge